These views lead to the conclusion that judgments should be reversed and new trials granted, costs to abide the event.

All concur.

Judgments reversed.

---

MORITZ COHN, Appellant, *v.* EDWARD H. AMMIDOWN et al., Respondents.

*It seems,* that upon sale of chattels in the possession of the vendor, unless there are facts and circumstances accompanying the sale, indicating that he did not intend to assert title or ownership in himself, but simply to transfer such interest or title as he has, a warranty of title is implied.

A manufacturing corporation, to secure certain of its bonds, mortgaged to defendants, as trustees, all of its machinery, equipments, etc. Default having been made in the payment of interest on the bonds, the mortgagees, in strict pursuance of the power of sale contained in the mortgage, sold at public auction all of the mortgaged chattels in a single lot to plaintiff. The sale took place at the building which contained said chattels, which was occupied by the mortgagor under a lease. Among the articles sold were a steam engine, boiler, pump and connections, which plaintiff alleged the defendants had no title to or power to sell. In an action against them individually to recover the value of said property, it appeared that the lessor of the building prevented plaintiff from removing it; why or under what title he claimed was not shown. It

also appeared that plaintiff brought an action against the executor of said lessor for converting said property. The defendant in that action interposed simply a general denial On the trial thereof, the jury assessed the value of all the property claimed, and the court directed a verdict for plaintiff for the amount excepting the boiler, engine, pump and appurtenances. It did not appear by what right said defendant claimed the property excepted, or why plaintiff failed to recover therefor. Plaintiff failed to show that defendants here made any representations in regard to the title, or that the property was withheld by virtue of a paramount title. *Held,* that a personal warranty of title could not be implied as against defendants, and so, that plaintiff was not entitled to recover.

(Argued April 18, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, in favor of defendants, entered upon an order made July 7, 1886, which overruled plaintiff's exceptions, ordered to be heard in the first instance at General Term, and dismissed the complaint.

This action was brought upon an alleged warranty of title on sale by defendants to plaintiff of a boiler, engine, etc.

The material facts are stated in the opinion.

*A. J. Dittenhoefer* for appellant. There being a failure of title, plaintiff is entitled to have the money paid by him returned. (*Howe* v. *Sandborn,* 21 N. Y. 552; *Judson* v. *Easton,* 58 id. 64; 5 Wait's Act. & Def. 561; Benj. on Sales, § 950; 2 Perry on Trusts, 89, § 774; *Moulton* v. *Chaffee,* 22 Fed. Rep. 26; *O'Brien* v. *Jones,* 15 J. & S. 67.) As the money was not distributed among the bondholders, but remained in the hands of the defendants, the trustees, they occupy the position of stakeholders, and as such are bound to return it to the plaintiff, whether or not there was an implied warranty. (Story on Sales [4th ed.], § 367; *Cripps* v. *Reade,* 6 T. R. 606; *Mockbee* v. *Gardiner,* 2 H. & G. 176.) As there was a failure of consideration, plaintiff is entitled to recover the money on that ground. (*Judson* v. *Mass,* 11 Johns. 525; *McKnight* v. *Devlin,* 52 N. Y. 399; Story on Sales, §§ 203, 204; *Cripps* v. *Reade,* 6 T. R. 606; *Berry* v. *Young,* 2 Esp. 640;

*Chapman* v. *Speller*, 14 Q. B. 621; 19 C. J. Q. B. 241; *Putman* v. *Westcott*, 19 Johns. 73; *Mockbee* v. *Gardiner*, 2 H. & G. 176; *Stone* v. *Frost*, 61 N. Y. 614; *Eddy* v. *Smith*, 13 Wend. 488.) The record as amended shows that plaintiff failed to receive the chattels because of paramount title claimed by the Colby estate. (*Lyons* v. *Adde*, 63 Barb. 89–103; *Hatcher* v. *Rocheleau*, 18 N. Y. 86; *Atkins* v. *Hosley*, 3 T. & C. 322; *Bordell* v. *Collie*, 45 N. Y. 494.)

*Aaron Pennington Whitehead* for respondents. To enable plaintiff to recover, he must show that the person who claimed the goods had title paramount to the defendants, and he has not shown title in any other person, paramount to the defendants, or otherwise. (*Bordwell* v. *Collie*, 45 N. Y. 494–496; Rawle on Cov. 194.) The defendants acted as trustees in a representative capacity only in this sale, and are not personally responsible to a purchaser for failure of title of any part of the mortgaged property. There is no implied warranty of title by trustees on a sale under mortgage. (Addison on Con. § 614; 1 Parsons on Con. 573, 577; Benj. on Sales [2d ed.], 595; Williams on Per. Prop. 376; 2 Schouler on Per. Prop. § 382; Hill on Trustees, 281; *Sheppard* v. *Earles*, 13 Hun, 651; *Morely* v. *Attenborough*, 3 W. H. & G. 504.)

FOLLETT, Ch. J. December 1, 1877, a manufacturing corporation mortgaged to the defendants, as trustees, all of its machinery, equipments and property, except stock manufactured or in process of manufacture, and unmanufactured material, to secure the payment, in ten years from date, of 250 bonds of $500 each, with semi-annual interest. The mortgage contained a power of sale to be executed by the trustees in case the mortgagor failed to pay when due the principal or interest of the debt secured. The mortgagor having made default in the payment of the interest, the trustees sold, January 17, 1879, at public auction, all of the mortgaged chattels in a single lot to the plaintiff for $30,000. The sale took place at No. 541 West Twenty-third street

(which was occupied by the mortgagor under a lease from Gardiner Colby), and was made strictly in accordance with the power contained in the mortgage. Among the articles sold were a steam engine, boiler, shafts, pipes, two pumps and connections, which the plaintiff alleges the defendants had no title to or power to sell. It is shown that the lessor of No. 541 prevented the plaintiff from removing the engine and its connections from the premises, but why, or by what title he claimed to withhold the property from the plaintiff is not shown. October 28, 1882, this action was begun to recover from the defendants individually, the value of the engine, boiler, etc., the plaintiff alleging that the defendants, when the property was sold, asserted that they, as trustees, had title to and power to sell and deliver the property, but that in truth and in fact, they were without title or power to sell. It further appears that in January, 1880, this plaintiff brought an action against the executor of the lessor of No. 541 for converting an engine, connections and certain other property, and that the defendant interposed simply a general denial. On the trial the jury assessed the value of (1) "the boiler, engine, pump and appurtenances, at $900;" (2) "of the elevator, trap door and appurtenances, at $400;" (3) "of the pipes and all other property, at $500." Whereupon the court directed a verdict for the plaintiff for $900, the value of the property claimed, except the boiler, engine, pump and appurtenances. By what right the defendant claimed the engine and boiler, or why the plaintiff failed to recover does not appear. For aught that appears it may have been on the ground that the defendant never claimed title to the property. The plaintiff failed to show, as alleged, that the defendants made any representations in regard to the title, and also failed to show that the property was withheld from him by virtue of a title paramount.

An affirmation of title is implied when one sells chattels in his possession, unless the facts and circumstances of the sale show that he did not intend to assert title of ownership in himself, but simply to transfer such interest or title as he has. In this case it very clearly appears that these defendants did

not assume to warrant the title, and the circumstances were such that a personal warranty of title cannot be implied as against them.

The judgment should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.