CHARLES E. ADAMSON *vs.* DONALD FAGAN and another.

November 14, 1890.

**Chattel Mortgage—Sufficiency of Description.**—The description in a chattel mortgage, of a white horse as a gray horse, there being several other items of description conceded to be true, does not vitiate the mortgage, it being properly filed, as to a purchaser from the mortgagor, unless he was, in fact, after due diligence, misled by it.

Action brought in the municipal court of Minneapolis, to recover possession of a horse, originally the property of one McPherson, the plaintiff claiming under the mortgage considered in the opinion, and the defendants under a subsequent sale by McPherson. The court found the value of the horse to be $140, and ordered judgment for defendants. The plaintiff appeals from an order refusing a new trial.

*Merrick & Merrick,* for appellant.

*James V. McHugh,* for respondents.

GILFILLAN, C. J. The only question in the case is as to the sufficiency of the description of the property in the chattel mortgage. That description of the property involved in this action is "one gray horse six years old, weighs 1,400 pounds." The covenant in the mortgage "that the same is now in his (the mortgagor's) possession in the city of Minneapolis," may be also taken as part of the description. The description is more full than that held to be good in *Eddy* v. *Caldwell,* 7 Minn. 166, (225,) and as full as that held to be good in *Adamson* v. *Horton,* 42 Minn. 161, (43 N. W. Rep. 849.) The objection to the description is that it is erroneous in this particular: that, instead of gray, the color of the horse is clear white, (as found by the court below.) It is found as a fact that the "clear white" horse was the one mentioned in the mortgage, so that, as between the parties, the mortgage was good. Was the description sufficient to give purchasers from the mortgagor (the mortgage being filed) notice of what property was intended? A mistake in one item of the description will not necessarily vitiate the mortgage as to third

persons.    To have that effect the mistake must be such as would naturally mislead, or as, notwithstanding due diligence, has misled, such third persons.    There is no pretence that this mistake did in fact mislead defendants, for it does not appear that they ever saw the mortgage, or made inquiry in the office where it was filed; and, when we consider how slight the difference may be between some shades of gray and a clear white, we cannot see how calling it gray, when it was white, would naturally mislead one who examines the entire description, the other items of which are conceded to be true.

Order reversed, and the court below will enter judgment on the findings in favor of plaintiff.