WILLIAM HANSON *vs.* JAMES C. TARBOX and others.

December 1, 1891.

**Chattel Mortgage—Evidence of Payment.**—A debt evidenced by a prom. issory note, and secured by a chattel mortgage, is not shown to be paid, so as to satisfy and cancel the mortgage, by part-payment in cash, and a note for the balance of the debt, in the absence of an agreement that the new note was received as full payment.

**Same—Right of Mortgagee to Possession.**—Evidence *held* insufficient to show that defendants were trespassers in taking possession of the mortgaged property under the chattel mortgage.

Appeal by defendants from an order of the district court for Sherburne county, *Baxter,* J., presiding, refusing a new trial after verdict of $70 for plaintiff.

*James C. Tarbox,* for appellants.

*Oscar Taylor,* for respondent.

VANDERBURGH, J.　The plaintiff sues defendants for the alleged wrongful taking and conversion of a horse, which he claims to own,. and which he alleges he demanded of them before the action was brought.　The answer justifies the taking, which was on or about the 6th day of December, 1888, under a chattel mortgage, in the conditions of which it is alleged the plaintiff had made default, and on which there then remained due and unpaid the sum of $24.　The answer also shows that the mortgage was given to secure $80, with interest, evidenced by a note which became due in 1885.　By the reply the chattel mortgage is admitted, but it is alleged that the debt thereby secured was fully paid in December, 1887, and the mortgage thereby released.　This presents the principal issue in the case, for,. if the debt was still unpaid, and the mortgage subsisting, the defendants' possession was lawful when the suit was brought, which was shortly after the alleged taking, and in the same month.　The evidence, however, fails to show that the mortgage debt was fully paid when the suit was brought.　It merely shows that a cash payment was made, and a note for $21.20 given for the balance, in December, 1887, but it does not appear when this note was payable, or that it

v.47M.—28

was not due immediately; nor does it appear that it was agreed to be taken in settlement and discharge of the mortgage. The renewal of a note cannot of itself operate as payment of the debt in the absence of such agreement, (*Hill* v. *Beebe*, 13 N. Y. 556;) and we cannot presume, since the original debt remained unpaid, in support of plaintiff's right of action, that he was not in default when the horse was taken by defendants under the mortgage. It came out in the testimony of the plaintiff that the new note was paid in 1890, long after this action was commenced, and before the trial. The evidence was not admissible under the pleadings, and did not tend to prove the alleged previous wrongful taking and conversion complained of. The verdict is not sustained by the evidence, and there must be a new trial.

Order reversed.

NOTE. A motion for a reargument of this case was denied January 6, 1892.