<hr />

### F. C. WILEY v. GEORGE H. DEAN.[1]

December 28, 1896.

Nos. 10,235—(195).

**Payment by Note—Findings.**

> Findings of the court construed to mean that certain promissory notes were taken in absolute payment and extinguishment of a prior indebtedness.

**Evidence.**

> *Held,* also, that the findings, as thus construed, were justified by the evidence.

Appeal by defendant from a judgment of the district court for Big Stone county, in favor of plaintiff, entered in pursuance of the findings and order of C. L. Brown, J. Affirmed.

*Little & Nunn,* for appellant.

The receipt of a note in payment of a debt is upon the implied understanding that the note will be paid. Combination S. & I. Co. v. St. Paul S. R. Co., 47 Minn. 207, 49 N. W. 744; Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923; Ligget v. Himle, 38 Minn. 421, 38 N. W. 201; Washington S. Co. v. Burdick, 60 Minn. 270, 62 N. W. 285. The change in the form of evidence of the debt does not affect the mortgage security. Geib v. Reynolds, supra; Foster v. Paine, 63 Iowa, 95, 18 N. W. 699. Leininger had no authority to accept notes in payment of the debts he was collecting. If he had such authority, it

<hr />

[1] Reported in 69 N. W. 629.

was incumbent on plaintiff to prove it. Brayley v. Kelly, 25 Minn. 160; Hurley v. Watson, 68 Mich. 531, 36 N. W. 726; State Bank v. Byrne, 97 Mich. 178, 56 N. W. 355.

*F. L. Cliff*, for respondent.

A new note may be given in payment and cancellation of an old note, and have the effect of canceling the mortgage securing the latter, if such is the intention. Keough v. McNitt, 6 Minn. 357 (513); Goenen v. Schroeder, 18 Minn. 51 (66); Daly v. Proetz, 20 Minn. 363 (411); Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923; Combination S. & I. Co. v. St. Paul S. R. Co., 47 Minn. 207, 49 N. W. 744.

MITCHELL, J. Action to enjoin the foreclosure of a mortgage. Stated in chronological order, the history of the case is as follows: In January, 1883, one Lockwood, being the owner of a tract of land, executed two mortgages on it, one to Lawton and one to Kelley. In May, 1884, he executed a third mortgage to one Brown, receiver of the Northwestern Manufacturing & Car Company. This mortgage contained full covenants of title, save that the Lawton mortgage was excepted from the covenant against incumbrances. In February, 1886, Kelley foreclosed, and bid in the property, and afterwards paid off the Lawton mortgage. The property was never redeemed from this sale. In October, 1887, Brown, as receiver, sold his mortgage and the debt secured thereby to the Minnesota Thresher Mnfg. Company, but that company caused the assignment from Brown to be made directly to its "trustee," the Massachusetts Loan & Trust Company. This assignment was not recorded until February, 1895. In September, 1888, Kelley conveyed the land back to Lockwood. In June, 1892, Lockwood conveyed to plaintiff. In June, 1892, one Leininger, acting for the owner of the Brown notes, made a settlement with Lockwood by which those notes were canceled and surrendered, and new notes for $750, payable to the Minnesota Th. Mnfg. Company, taken in place of them. In February, 1895, the Massachusetts Loan & Trust Company, as trustee for the Minnesota Th. Mnfg. Company, assigned to defendant the Brown mortgage, together with the new notes taken by Leininger, and defendant was proceeding to foreclose when plaintiff brought this action to enjoin him, on the ground, among others, that the mortgage had been fully paid and satisfied.

There are only two questions presented by this appeal which we find it necessary to consider: First, do the findings of the court amount to a finding that the new notes taken from Lockwood by Leininger were given and accepted in absolute payment of the notes secured by the mortgage to Brown? and, if so, second, is such finding supported by the evidence? As is correctly stated by the trial court, there is no question of agency in the case. Whatever may have been the precise nature of the powers and duties of the Massachusetts Loan & Trust Company, as trustee for the Minnesota Th. Mnfg. Company, on which the record is silent, it appears that the latter was practically left in possession and control of the Lockwood notes and mortgage for the purpose of collection and settlement. Neither is it important what was the extent of Leininger's original authority, for it conclusively appears that both the Massachusetts Loan & Trust Company and the Minnesota Th. Mnfg. Company fully ratified all that he did in the matter.

The court finds that Lockwood and Leininger "settled and adjusted" the indebtedness represented by the Brown notes, and that Lockwood then made and delivered his other notes "in compromise, settlement, and cancellation" of said indebtedness. Then, again, the court states:

"I regard the evidence and circumstances of the case sufficient to justify the conclusion that the settlement had between the Minnesota Thresher Manufacturing Company and Lockwood amounted to a cancellation and discharge of the Brown mortgage."

While the court does not find, in so many words, that the new notes were given and accepted in payment of the debt secured by the mortgage, yet this, in effect, is what the finding amounts to; and the statement of the court, quoted above, whether considered as a formal finding or not, clearly shows that the language of the previous finding was intended to have that meaning.

The finding, so construed, was justified by the evidence. The circumstances under which these notes were given and taken have a more important bearing upon the question of the intent of the parties than the mere form of words which they used, which neither party may remember accurately. At the time of the settlement the Brown notes amounted to about $2,100, two-thirds of which was barred by the statute of limitations. The mortgage securing the same had been considered for years as worthless, and as having been wiped

out by the Kelley foreclosure. The holder of the Brown mortgage had not considered it advisable to redeem, or worth while even to place the assignment on record. It seems to have been an after-thought, in 1895, that the fact that Lockwood had repurchased the land might have infused new life into the mortgage. It was under these circumstances that the parties got together, compromised and adjusted the matter by the execution of new notes, for about one-third the amount of the old indebtedness, and the surrender and cancellation of the old notes.

While it requires quite strong evidence to overcome the presumption that a promissory note was accepted only as conditional payment, especially where the result would be the release of collateral security, yet in our judgment these circumstances, with others that might be mentioned, taken in connection with the testimony of Lockwood, justified the court in finding that the parties intended this settlement to operate as a payment and extinguishment of the former debt, and that it was never expected or intended that the mortgage should stand as security for the new notes.

Judgment affirmed.