## W. W. GARDNER v. ROACH & KECK.

**Conversion of Mortgaged Chattles:** ESTOPPEL.    A mortgagee is not
estopped to assert the mortgage against one purchasing the
mortgaged chattels from the mortgagor, where the purchaser
has suffered no damage.

**Evidence:** BURDEN OF PROOF.    Plaintiff in an action for conversion of
wheat on which he held a mortgage, having produced and given
in evidence the notes and mortgage, and stated credits to which
the mortgagor was entitled, defendant has the burden of prov-
ing payment.

CROSS-EXAMINATION.    Where plaintiff in an action for conversion
of wheat on which he held a mortgage had testified only as
to the execution of the notes and mortgage, which he produced
and offered in evidence, and as to the amount that should be
credited thereon, there was no error in sustaining objection to
questions asked him, on cross-examination, whether he sent
anyone out to the farm while the mortgagor was threshing, or
then made any attempt to collect the mortgage.

**Instructions.** An instruction being good as far as it goes, a party desiring more explicit ones should ask therefor.

*Appeal from Lyon District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

WEDNESDAY, MAY 16, 1900.

ACTION at law for the conversion of certain property on which plaintiff claims to hold a chattel mortgage. Defendants pleaded that they purchased the property without notice of plaintiff's mortgage, and also pleaded an estoppel, and payment of the mortgage indebtedness. There was a trial to a jury resulting in a verdict and judgment for plaintiff. Defendants appeal.—*Affirmed.*

*E. C. Roach* for appellants.

*E. Y. Greenleaf* for appellee.

DEEMER, J.—S. Dalrymple mortgaged his crop of wheat, oats, barley, corn, flax, millet, and hay grown during the year 1893 to plaintiff to secure two notes, one for one hundred and fifty dollars, and the other for fifty-nine dollars and forty-seven cents, each payable September 1, 1893. This mortgage was duly acknowledged and filed for record, and no question arises regarding the sufficiency of description, or the fact that the records imparted notice. The grain was raised on a farm belonging to one McDermott. In September of the year 1893, and after the maturity of the notes, defendants purchased four hundred and fifty-eight bushels of barley from Dalrymple, that were covered by the mortgage. This action is to recover the value of the grain so purchased. The defendants pleaded payment of the mortgage indebtedness by Dalrymple, and also an estoppel. Plaintiff was examined as a witness in his own behalf. He testified to the execution of the notes and mortgage, produced and offered them in evidence, and also

gave testimony as to the amount that should be credited thereon. On cross-examination he was asked if he sent any person out to the farm while Dalrymple was threshing, and also as to whether or not he made any attempt to collect his mortgage in the fall of 1893. The court sustained objections to these questions. In this there was no error. Manifestly, they were not proper cross-examination. At least, the court did not abuse its discretion in sustaining the objections.

II. On the issue of payment the court instructed that the burden was on defendant to prove the same. There was no error in this. Plaintiff produced the notes and mortgage at the trial, and they were introduced in evidence. He also gave certain credits to which the mortgage was entitled. Having thus made out a *prima facie* case, the burden was on defendant to prove their affirmative defense of payment.

III. A part of an instruction relating to estoppel is as follows: "And if you find from the evidence that the defendants purchased said mortgaged barley in open market upon the public streets, of said Dalrymple, mortgagor, without any actual knowledge of plaintiff's mortgage, that plaintiff at the time, with full knowledge that said Dalrymple was hauling said mortgaged barley, and selling it to the defendants, consented to, authorized, and permitted the said Dalrymple to haul and sell said grain to defendants without objection, knowing that Dalrymple was selling the same, and defendants purchased, and that plaintiff had such knowledge, and so consented before defendants paid said Dalrymple for said grain, and in no way notified defendants of his claim or lien, but with such knowledge stood by and permitted the sale and delivery of the grain and the payment of the purchase price to Dalrymple, then you will find that the plaintiff is estopped from claiming a lien under his mortgage against the defendants on account of said barley, and return a verdict for the defendants." Of this complaint is

made. It is said that, if a mortgagee knows that the mortgagor is disposing of mortgaged property, and, so knowing, permits him to sell without objection, he thereby waives his lien. Further, it is contended that the circumstances surrounding the sale of the grain were such that consent of plaintiff should have been inferred, or at least the case should have been submitted to the jury on that theory. There is nothing in the instruction quoted that forbids consideration of these circumstances. The instruction is undoubtedly good as far as it goes, and, if defendants wished more explicit ones, they should have asked them. No doubt a mortgagee may by conduct allow the mortgagor to assume the credit of ownership, and by such conduct estop himself from asserting his mortgage, although not personally present when the sale is made. *Thompson v. Blanchard,* 4 N. Y. 303. But there is nothing in the instruction that runs counter to this proposition. *Wright v. E. M. Dickey Co.,* 83 Iowa, 464, involved a landlord's lien for rent, and it was there held that, as the landlord had, in effect, accepted the tenant's promise to pay the proceeds of the crops grown on the premises on the rent reserved, he could not assert his lien against an innocent purchaser. The case differs from this in that defendants had notice of plaintiff's lien, and plaintiff did not accept the promise of the mortgagor to pay the indebtedness from the proceeds of the mortgaged property. See *Blake v. Counselman,* 95 Iowa, 219. Aside from this, however, there is no evidence in the record that defendants have paid any one for the grain purchased by them. One of the essentials of an estoppel is that the party pleading it should have so acted with reference to the conduct or statements of the other as that he would suffer damage or injury if the other was permitted to deny the truth. Moreover, the grain that was sold with plaintiff's knowledge went to pay a landlord's lien thereon that was prior to plaintiff's mortgage, and plaintiff

was in no position to object to sales made to pay prior liens. The error, if any, in the instruction, was without prejudice. There being no prejudicial error, the judgment is AFFIRMED.