JUDSON W. ELLIOTT and Another v. H. R. ROBBINS.[1]

April 29, 1910.

Nos. 16,460—(16).

**Oral Agreement to Cancel Written Assignment — Parol Evidence — Statute of Frauds.**

The defendant executed to the plaintiffs a written instrument, whereby he assigned to them all interest in and to land, then owned by his mother, which should thereafter accrue to him as one of her heirs, to secure a debt to them. After the mother's death plaintiffs brought this action to foreclose the assignment as an equitable mortgage upon land of which the mother died seised. The answer alleged that before the mother's death the plaintiffs agreed to cancel the assignment in consideration of the defendant's giving new notes for the debt and a bill of sale of chattels to secure their pay-

ment, and that he performed the conditions. The jury found that the agree-
ment to cancel was made. *Held*, that oral evidence was admissible to prove
such agreement, that it was not within the statute of frauds, that the ver-
dict was sustained by the evidence, and that the jury were correctly in-
structed.

Action in the district court for Steele county to recover $1,634.86;
that the same be declared a lien and mortgage upon the undivided
interest of the defendant in certain lands described, and that the
lands be ordered sold pursuant to the statute in such case made and
provided, and from the proceeds that plaintiffs be paid the amounts
that shall be found due them, and the rest and residue, if any there
be, be paid to defendant. The facts are stated in the opinion. The
case was tried before Buckham, J., who submitted to the jury the
question whether at the time of giving the notes specified in the com-
plaint plaintiffs agreed with defendant to surrender and deliver the
assignment mentioned in the opinion. The jury answered: "Yes."
The court made findings of fact and as conclusions of law found that
defendant was indebted to plaintiffs. From an order denying plain-
tiffs' motion for a new trial, they appealed. Affirmed.

*James A. Kellogg,* for appellants.

*Tappan & Silverthorn,* for respondent.

START, C. J.

On December 30, 1907, the defendant was indebted to the plain-
tiffs in the sum of $1,634.86, and the defendant on that day, for
the purpose of securing the payment of such indebtedness, executed
to them a written instrument whereby he assigned to them all inter-
est in and to land, then owned by his mother, which should thereafter
accrue to him as one of her heirs upon her death. The assignment
contained no covenants as to title to the land. The mother died
August 1, 1908, whereby the defendant became the owner of one-
seventh of the southeast quarter of section 11, township 105, range
21.

This action was brought in the district court of the county of
Steele to establish and foreclose such assignment as an equitable
mortgage on the land. The complaint alleged substantially the fore-

going facts. The answer admitted the indebtedness and the execution of the assignment. It alleged, in effect, as a defense, that on April 7, 1908, the plaintiffs, in consideration of the defendant giving new notes for the indebtedness and a bill of sale of certain chattels as security for their payment, agreed to cancel and surrender up the original notes evidencing such indebtedness, and the assignment given to secure them, and, further, that the defendant performed the condition on his part. The reply denied the alleged agreement.

The trial court made its order directing .that the issue as to the alleged agreement to cancel and surrender the notes and assignment be submitted to the jury, reserving all other issues for trial by the court without a jury. The issue was so submitted, and the jury found that the agreement was made as alleged. The trial judge made findings of fact as to the other issues, and upon them and the verdict of the jury ordered judgment, as a conclusion of law, for the plaintiffs for the amount then due them, but granted no relief as to the assignment. The plaintiffs appealed from an order denying their motion for a new trial.

The assignments of error raise two questions, viz.: Was the evidence received to show the alleged agreement competent? If so, was it sufficient to sustain the verdict? Oral evidence was received tending to show the agreement and its performance on the part of the defendant, and on the part of the plaintiffs to the extent of marking the original notes "Canceled." It is not clear from the record that the question of the competency of such evidence was properly raised on the trial; but, waiving this, we are of the opinion that the evidence was properly received.

The plaintiffs claim that the oral agreement to cancel and surrender the assignment, which was never recorded, was within the statute of frauds, for the reason that it was an agreement to release an interest in land. At the time the oral agreement was made, neither party had any title to, interest in, or lien on the land, for the defendant's mother was then living. The instrument in question was the assignment of a mere contingent expectation; for there was no certainty that the defendant's mother would die seised of any

land, or that he would survive her, or that she would die intestate, or that, if she died testate, the defendant would be one of the devisees. The most favorable possible construction of the assignment for the plaintiffs, is that it was an agreement to give security on after-acquired property, and that an equitable lien would attach upon its acquisition. The oral agreement, however, was made before the mother's death, and before the assignment became operative as an equitable lien. It follows that the oral agreement was not the surrender of an interest in lands within the statute of frauds. R. L. 1905, § 3487.

Again, if the assignment contained all the essentials of a valid mortgage, and the plaintiffs had by virtue thereof a lien, legal or equitable, upon the land, evidence of the oral agreement alleged in the answer would have been admissible; for the agreement was based upon a valid consideration, and its conditions on the part of the defendant were performed. Hence it was not within the statute of frauds. 1 Jones, Mortgages, § 974; 27 Cyc. 1418; Wiley v. Dean, 67 Minn. 62, 69 N. W. 629.

A consideration of the evidence leads us to the conclusion that the question of its sufficiency to support the verdict depends upon the credit to be given to the testimony of the defendant—a question for the jury. We hold that the verdict is sustained by the evidence.

We find no error in the charge of the court to the jury.

Order affirmed.