# CONRAD ANDERSON v. IDA WILLSON AND ANOTHER.[1]

April 20, 1916.

Nos. 19,718—(126).

**Chattel mortgage — satisfaction of debt secured.**

　　1. A chattel mortgage stands as security for the mortgage debt until the debt is paid, even though the evidence of the debt is changed in form. The parties may, however, agree that the payment of part of the debt and the giving of a new note for the balance shall operate as a satisfaction of the debt. If the mortgage debt is satisfied, the mortgage loses all vitality though no formal release is given.

**Same — evidence of payment of debt.**

　　2. The evidence in this case sustains a finding that the payment of part of notes secured by a mortgage upon a team of horses and the giving of a new note, were agreed to be in payment of the mortgage debt. An agreement to take the money and "clear the horses" and take a "plain note" for the balance, operates as an acceptance of the money and the new note in payment of the mortgage debt.

**Trover and conversion — damages.**

　　3. The property having been converted by an attempted foreclosure and sale by the former mortgagee, the amount of the new note cannot be deducted from the damages awarded without pleading and proof of the note.

　　Action in the district court for Marshall county to recover $500 for conversion of two horses. The case was tried before Grindeland, J., and a jury which returned a verdict for $375. From an order denying their motion for a new trial, defendants appealed. Affirmed.

　　*Julius J. Olson, Charles Loring and G. A. Youngquist,* for appellants.
　　*A. N. Eckstrom,* for respondent.

　　[1]Reported in 157 N. W. 582.

---

　　Note.—On renewal of notes as discharge of a chattel mortgage, see note in 35 L.R.A.(N.S.) 89.

Hallam, J.

Plaintiff gave to defendant Willson a mortgage on a span of horses to secure two notes of $200 each, one payable December 1, 1913, and the other payable December 1, 1914. About November 1, 1913, plaintiff paid said defendant $275, to be applied, first, in payment of a note of $34.50, the balance on the two mortgage notes. Both $200 notes were surrendered and a new note taken for the balance, which was $173. Plaintiff claims that it was agreed that the money and the new note were given and received in payment of the mortgage notes and in satisfaction of the mortgage. On maturity of the $173 note, defendant Willson, treating it as a note secured by the chattel mortgage, caused the mortgage to be foreclosed by sale made by defendant Anderson, as sheriff, and the mortgaged property was sold to another. This action is for conversion. The jury found for plaintiff.

1. The court submitted to the jury as the crucial question in the case, the question whether the $275 and the new note for $173 were received as full payment of the mortgage debt, and instructed them if such was the agreement the mortgage was satisfied and the acts of defendant were a conversion. The jury by their verdict answered this question in the affirmative. In our opinion the instruction of the court was correct. If the mortgage debt was not satisfied, the mortgage would stand as security for it, though the evidence of the debt had been changed in form. Hanson v. Tarbox, 47 Minn. 433, 50 N. W. 474; Woodland Co. v. Mendenhall, 82 Minn. 483, 85 N. W. 164, 83 Am. St. 445. If, however, the parties saw fit to agree that the money and the new note should be received in satisfaction of the mortgage notes, such agreement would be effective as an accord and satisfaction, and would operate to immediately cancel the old mortgage notes. If the mortgage debt was paid, the mortgage of necessity lost all vitality and was in fact discharged though no formal release was given, and no rights could thereafter be predicated upon it. Daly v. Proetz, 20 Minn. 363 (411) ; Christofferson v. Howe, 57 Minn. 67, 58 N. W. 830; Wiley v. Dean, 67 Minn. 62, 69 N. W. 629.

2. The evidence is in conflict. Plaintiff claims that he obtained the $275 from a bank by giving a mortgage on these same horses, together with other property, and that he told defendant Willson that she would either have to give him the horses clear or he would have to take the

money back to the bank again, and that defendant Willson thereupon agreed to take the money and "clear the horses" and take a "plain note" for the balance. Defendant Willson denies this agreement. The language as testified to by plaintiff would undoubtedly constitute an acceptance of the money and the unsecured note as payment of the mortgage debt. The corroboration on either side is not decisive. The question of what, if any, agreement was made was one of fact for the jury, and their finding in favor of plaintiff's contention cannot be disturbed.

Defendant would have us regard this transaction as merely a promise to release the mortgage, and not as a release of it. The jury might well find that there was a present discharge of the debt, and, incidentally, of the mortgage.

3. The defendant is not entitled to a deduction of the amount of the $173 note from the value of the property converted. No counterclaim was pleaded and the note was not put in evidence. It is difficult therefore to see how any rights could be predicated upon it. The law is that, in an action of conversion against one having a valid lien upon property, the right of the plaintiff to recover the full value of the property is subject to deduction to the extent of the amount of the lien (Jellett v. St. Paul, M. & M. Ry. Co. 30 Minn. 265, 15 N. W. 237; Torp v. Gulseth, 37 Minn. 135, 33 N. W. 550; Powell v. Gagnon, 52 Minn. 232, 53 N. W. 1148; Southwick v. Himmelman, 109 Minn. 76, 122 N. W. 1016); and the existence and the amount of the lien may be proved under general denial. Cushing v. Seymour, Sabin & Co. 30 Minn. 301, 307, 15 N. W. 249. If this rule had application here, still it would be necessary to prove the note on the trial. But the rule has no application here. This is not an action by mortgagor against mortgagee. The mortgage has been satisfied. Defendant Willson is a creditor of plaintiff holding an unsecured claim. If she would recover on the strength of her claim she must both plead and prove it.

Order affirmed.