HANS A. BOGSTAD v. O. J. ANDERSON AND ANOTHER.[1]

July 25, 1919.

No. 21,283.

**Judgment after dismissal.**

1. Judgment was erroneously given against a defendant as to whom the action had been dismissed.

**Chattel mortgage — foreclosure sale — recovery of consideration paid.**

2. Where a purchaser at a chattel mortgage foreclosure sale sues to recover the consideration paid on the theory that the mortgage was discharged before foreclosure, the burden is upon him to prove such discharge.

**Judgment not res judicata.**

3. A judgment, rendered after the sale, in an action between the defendant and the mortgagor, is not evidence in favor of the plaintiff in this action, nor is a judgment in an action between this plaintiff and another claimant of the property.

**Chattel mortgage — proof of discharge.**

4. Where the giving of the mortgage is admitted, a statement by the mortgagor that the mortgagee had no mortgage or no claim on the mortgaged property is not sufficient to prove the nonexistence of the mortgage or its discharge.

**Same — no warranty of title on foreclosure sale.**

5. There is no warranty of title on a foreclosure sale, but there is a warranty or representation by the mortgagee that he has a subsisting mortgage on the property sold.

Action in the district court for Kittson county to recover $300. The allegations of the complaint are set out at the beginning of the opinion. Defendans' demurrers to the amended complaint were overruled. The case came on for trial, when defendants' motion for judgment on the

[1]Reported in 173 N. W. 674.

pleadings was denied and the motion of defendant Anderson to dismiss the action as to him was granted by Grindeland, J., who made findings and ordered judgment in favor of plaintiff. Judgment was entered against both defendants, who appealed separately from the judgment. On appeal of defendant Anderson, judgment reversed and judgment of dismissal ordered. On appeal of defendant Wilson, reversed and new trial granted.

*Julius J. Olson, Rasmus Hage* and *John A. Pearson,* for appellants.

*P. A. McClernan,* for respondent.

Hallam, J.

Plaintiff alleged in his complaint:

That defendants received from him $300 without consideration, the facts being that defendant Wilson claimed to hold a chattel mortgage by Conrad Anderson upon a team of horses, that defendant caused notice of foreclosure sale to be given and caused the property to be sold to plaintiff for $300; that in a suit between Anderson and defendant Wilson it was adjudged that defendant Wilson had no mortgage; that thereafter defendant Wilson sued Anderson on the debt for which she had attempted to foreclose the mortgage; that Anderson had executed another mortgage to a bank at Karlstad; that the bank foreclosed its mortgage and sold the horses and took them from plaintiff; that plaintiff sued the bank to test the validity of its mortgage and to recover the value of the horses, and that in that action it was adjudged that the bank had a valid and subsisting mortgage on the team; that because the Karlstad bank had taken the horses from plaintiff it was impossible for him to return them, and plaintiff demanded judgment against both defendants for $300.

There is no allegation of the invalidity of defendant Wilson's mortgage and no allegation that the Karlstad bank had a valid mortgage on the team, unless such results may be inferred from the allegations as to the outcome of the lawsuits between these other parties.

1. Defendant Anderson was sheriff of Kittson county. On the trial the case was dismissed as to him. Yet judgment was given against him. Plaintiff testified that he paid $245 for the team on foreclosure sale. Yet judgment was given for $300 and interest. Both defendants appeal.

143—M. 22

On the appeal of defendant sheriff, the judgment must be reversed and judgment of dismissal ordered.

2. As to defendant Wilson the judgment is also erroneous. Plaintiff in his testimony claimed but $245. Judgment for $300 is manifestly excessive. Further than this, if it can be said that the complaint states a cause of action, we think the evidence was insufficient to sustain any judgment for plaintiff.

On the trial the mortgage from Anderson to defendant Wilson was introduced in evidence. Anderson, on the witness stand, admitted having given the mortgage. There is no claim that it was not a valid mortgage when given. The foreclosure proceedings were put in evidence. The proceedings were regular in form and the property was sold and delivered to the plaintiff as the purchaser.

The position taken by plaintiff's counsel in his brief is that the Anderson mortgage was paid and discharged before the foreclosure. The burden of proving this was upon the plaintiff. 11 C. J. 694; Gaffney Live Stock Co. v. Bonner, 92 S. C. 122, 126, 75 S. E. 362; Gardner v. Roach, 111 Iowa, 413, 82 N. W. 897.

There is no evidence of such payment or discharge. The judgment in the case of Anderson v. Willson is not evidence in this case. In that case Anderson secured judgment against defendant Willson for conversion of the team by its sale and delivery to plaintiff. Anderson v. Willson, 132 Minn. 364, 157 N. W. 582. The judgment was naturally rendered after the foreclosure sale. The parties were not the same as in this case. The proceedings in that case were res inter alios acta. Whitcomb v. Hardy, 68 Minn. 265, 71 N. W. 263. The same is true of the judgment in the suit brought by this plaintiff against the Karlstad bank.

4. Anderson was asked if the mortgage had been paid, but the answer was ruled out. The only evidence tending to impeach the mortgage was as follows: Anderson was asked: "Did Mrs. Wilson have a mortgage on those horses at the time" of the foreclosure? He answered: "No." "Did Mrs. Wilson have any claim given by you to those horses at the time she took them away from you?" He answered: "No." Plaintiff was asked: "Did you ever get any value for the money you paid for those horses to these defendants?" He answered: "No." In view of the admitted fact that the mortgage was given, we think

this testimony was not sufficient to prove either the nonexistence of the mortgage or its payment and discharge.

5. For the purpose of a new trial we may say there was no warranty of title on the foreclosure sale. That is, if the Wilson mortgage was a subsisting mortgage at the time of the foreclosure, there was no warranty against prior incumbrances. 11 C. J. 713; Jones, Chattel Mortgages, § 819; Harris v. Lynn, 25 Kan. 281, 37 Am. Rep. 253; Cohn v. Ammidown, 120 N. Y. 398, 24 N. E. 944. But we think there was a warranty or a representation that defendant Wilson had a subsisting mortgage upon the property sold. This is the rule as to pledges, Morley v. Attenborough, 3 Exch. 500, and should be the rule applicable to chattel mortgages. If the mortgage was in fact paid, plaintiff was entitled to a return of his money.

Judgment reversed, new trial granted.