## HYDE COUNTY STATE BANK, Respondent, v. STATE BANK OF SENECA, Appellant.

### (198 N. W. 558.)

(File No. 5331. Opinion filed May 1, 1924.)

1. **Chattel Mortgages—Owner of Mortgaged Chattel May Give Valid Mortgage on His Equity of Redemption Only.**

   An owner of cattle, on which there was an outstanding purchase-money chattel mortgage, held capable of giving valid mortgage on only such title or interest as he had at the time, namely, the equity of redemption.

2. **Chattel Mortgages—Principal and Agent—Execution of Renewal Note and Inadvertent Filing of Release of Mortgage Held Not to Defeat Mortgagee's Prior Lien.**

   Where a chattel mortgagor, after giving a second mortgage, gave to the bank holding the first mortgage a renewal note, and executed a new mortgage, securing it, held that the bank's mortgage was not defeated by the change in the form of the debt, nor did the execution and the inadvertent recording, contrary to instructions accompanying it, of a satisfaction of the first mortgage, operate to give the second mortgagee a prior lien.

Appeal from Circuit Court, Faulk County; Hon. J. H. BOTTUM, Judge.

Action by the Hyde County State Bank against State Bank of Seneca. From a judgment for plaintiff and order denying new trial, defendant appeals. Judgment and order affirmed

*D. J. O'Keeffe,* of Gettysburg, and *F. E. Snider,* of Faulkton, for Appellant.

*M. Harry O'Brien,* of Highmore, for Respondent.

(2) To point two of the opinion, Appellant cited: Field v. Copeland, 26 So. 491, 121 Ala. 644; Page v. Benson, 22 Ill. 282; Catlett v. Stokes, 121 N. W. 103, 23 S. D. 215; Abrister v. Dalton (Ok.), 168 Pac. 231.

Respondent cited: Cable Co. v. Rathgeber, 21 S. D. 419; 7 Cyc. 75; Waggoner v. Creighton First Nat. Bank, 61 N. W. 112; Boykin v. Rosenfield, 9 N. W. 318; Slimmer v. Meade

County Bank, 34 S. D. 147; 11 C. J. 682; Anderson v. Wilson, 157 N. W. 52; Hanson v. Tarbox, 50 N. W. 474; Arlington Co. v. Yates, 77 N. W. 677; Woodland Co. v. Mundenhall, 85 N. W. 164.

DILLON, J.   The plaintiff (respondent here) instituted this action in conversion to recover the value of mortgaged cattle, claiming to be the owner of a first mortgage, dated April 27, 1920, executed by one Ray A. Bryant to one Herman Rasmussen, on 24 head of heifers.   This mortgage was filed on the 29th day of April, 1920, in Faulk county, to secure an indebtedness for $950. The note and mortgage were transferred to plaintiff bank.   On December 16, 1920, a new note was executed by Ray A. Bryant direct to plaintiff bank for $724, due May 1st, and guaranteed by Herman Rasmussen, and a new mortgage given on the same property as security and a release of the first mortgage was filed. Ray A. Bryant on November 17, 1920, executed two notes: One for $200.52, due December 15, 1920, and a second note for $1,400 due May 1, 1921, to defendant bank, and on the same day executed to defendant bank a mortgage to secure these two notes, which was filed for record November 19, 1920, stated: "Subject to $800 prior mortgage on certain of the above cattle."   The defendant bank on May 14, 1921, took possession of the mortgaged property and sold the properties described in plaintiff's mortgage at public auction.   This case was tried to a jury.   The jury returned a verdict for plaintiff for $700.   A motion for new trial was overruled, and this appeal is from the judgment and order denying a new trial.

Defendant contends that the original note was paid, and that the mortgage was canceled, and that the defendant's mortgage became superior to the claim of the plaintiff's, while respondent contends that its mortgage is the superior mortgage and is entitled to priority on such property.   After a release of the mortgage was made out and signed, the release was forwarded with the new mortgage to the register of deeds with the following instructions:

"Dear Sir:   Inclosed please find Ray Bryant's chattel for filing and also release of old chattel.   Will you kindly look over the chattel record and if you are of the opinion that the release herein inclosed does not release all mortgages of record describing this particular property, advise to the effect before filing the re-

lease. If the record looks all right, kindly fill out the top part of the blank on the back of the two copies of the chattels showing the date filed and the number of the chattel; do not certify, and then return the copies to us."

The whereabouts of the original mortgage was not explained, and at the time of giving the new mortgage the bank destroyed its office copy of the first mortgage.

The defendant (appellant here) through its vice president took possession of the mortgaged cattle and sold them and applied the proceeds on its mortgage, claiming that defendant's mortgage was the only lien on such property. Before making such sale it knew that the purchase-money mortgage was unpaid, and was informed that there was $800 against the cattle, remaining due on the Rasmussen mortgage. George O'Brien, the defendant's vice president, testified:

"That Mr. Rasmussen was arguing that the Hyde County State Bank had a prior claim to ours and I was arguing that they had not."

He also testified:

"We received a note from the attorneys of the Hyde County State Bank that the bank claimed a prior lien to ours, before we sold the cattle."

The record disclosed the following:

"Q. So on the date that you sold the cattle you knew that the Hyde County State Bank was claiming a right to these cattle for the balance of the money that was originally due Herman Rasmussen from Ray Bryant? A. Yes."

[1] Bryant could mortgage only such title or interest as he at that time had, which was an equity of redemption only subject to the lien of respondent's mortgage. 5 R. C. L. p. 453; Endreson v. Larson, 101 Minn. 417, 112 N. W. 628, 118 Am. St. Rep. 631; Hollenback v. Louden, 35 S. D. 320, 152 N. W. 116; Anderson v. Oskamp, 10 Ind. App. 166, 37 N. E. 1055; Slimmer v. Meade County Bank, 34 S. D. 147, 147 N. W. 734.

[2] Respondent's mortgage was not defeated by a change in the form of the debt. The giving of a new note in renewal of or in substitution for that originally given as evidence of the mortgaged debt does not of itself discharge the debt. 11 Corp. Juris, 682; Anderson v. Willson, 132 Minn. 364, 157 N. W. 582;

Hanson v. Tarbox, 47 Minn. 438, 50 N. W. 474; Arlington Co. v. Yates, 57 Neb. 286, 77 N. W. 677; Woodland Co. v. Mendenhall, 82 Minn. 483, 85 N. W. 164, 83 Am. St. Rep. 445; Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923; Bonestell v. Bowie, 128 Cal. 511, 61 Pac. 78.

It is clear that the register of deeds inadvertently caused the purported satisfaction of that mortgage to be filed, and that appellant by reason of the mistake then claimed priority over the respondent's mortgage. Appellant's position had not been changed in the least by the filing of the satisfaction. It made no new advancement on the strength of such release. Such filing was unauthorized and disregarded the positive instructions of the plaintiff's bank.

"The circumstances of the case, viewed either from a legal or an equitable standpoint, do not justify a reversal." Cable Co. v. Rathgeber, 21 S. D. 429, 113 N. W. 91.

We have reviewed each and every assignment of error in the admission and rejection of the testimony and the instructions of the court and find no prejudicial error therein.

The judgment and order denying the motion for new trial are affirmed.

Note.—Reported in 198 N. W. 558. See, Headnote (1), American Key-Numbered Digest, Chattel mortgages, Key-No. 17, 11 C. J. Sec. 39; (2) Chattel mortgages, Key-Nos. 235·½, 247, 11 C. J. Secs. 460, 479.