## HENRY O. MUNSON v. C. D. BENSEL.[1]

January 7, 1927.

No. 25,542.

**Description of oil tank in chattel mortgage sufficient.**

1. A chattel mortgage described an oil tank as a "12,000" gallon tank, and a renewal mortgage described it as a "1,200" gallon tank. In connection with other items of description it is *held* that the description of the tank was sufficient.

**Note and mortgage not necessarily discharged by giving new note and mortgage.**

2. The renewal of a note and mortgage does not necessarily discharge the first note and mortgage. Under the facts stated in the opinion the giving of new notes and mortgage did not as a matter of law discharge the first notes and mortgage; nor did the writing of the words "renewed" across the first notes operate as a cancelation under §. 119, Neg. Inst. Act.

**Collateral attack on default judgment.**

3. A default judgment cannot be attacked collaterally because entered for a larger amount than demanded in the summons and complaint.

Bills and Notes, 8 C. J. p. 1069 n. 53.
Chattel Mortgages, 11 C. J. p. 458 n. 36; p. 676 n. 56.
Judgments, 34 C. J. p. 516 n. 91.

Plaintiff appealed from an order of the district court for Chippewa county, Qvale, J., denying his motion for a new trial. Reversed.
*John W. Peterson* and *J. O. Haugland,* for appellant.
*C. D. Bensel* and *W. W. Merrill,* for respondent.

[1]Reported in 211 N. W. 838.

DIBELL, J.

Action of replevin. The court dismissed the action and the plaintiff appeals from the order denying his motion for a new trial.

The controversy is over a 12,000-gallon gasolene tank. On August 3, 1920, one Flinn, the owner, gave Nicols, Dean & Gregg two notes aggregating $875.85 and a mortgage upon the tank securing them. The mortgage was properly filed. It recited that the mortgagor was "of the City of Montevideo, County of. Chippewa and State of Minnesota," and the mortgaged property was stated to be "now in my possession and owned by me." It was described as follows:

"1 Monarch Lathe 14 in. Wing 10 ft. Bed.
"1 12000 Gal. Gasolene Tank."

The notes were partially paid. On November 16, 1921, Flinn gave to the Nicols concern in renewal four notes aggregating $642.55 and a chattel mortgage securing them. The mortgage was properly filed. It contained the same recital as to residence and ownership. The property mortgaged was described as follows:

"1 Monarch Lathe 14 in. Way 10 in. Bed.
"1 1200 Gallon Gas Tank."

Across each of the two notes was written the word "renewed." They were indorsed without recourse. The four renewal notes were likewise indorsed. All were produced at the trial by the plaintiff. On December 1, 1924, both mortgages were assigned to the plaintiff, and the assignments were filed. He commenced the foreclosure of the 1921 mortgage and purchased at the sale on January 8, 1925. In the foreclosure proceedings the tank was described as of 12,000 gallons capacity. In the meantime, on April 11, 1922, the defendant obtained judgment against Flinn in the sum of $334.22, and on March 31, 1923, the sheriff levied on the tank and sold it to the defendant on execution on May 15, 1923.

The plaintiff claims that the foreclosure of the 1921 mortgage was good and that he acquired title; and that, if this claim be not true, then he has a lien by virtue of the 1920 mortgage, which gives him the right of possession. The defendant claims that the description in

the second mortgage was fatally defective in using "1200" instead of "12000," and that the 1920 notes and mortgage were discharged by the 1921 notes and mortgage. We do not understand that he claims that the description in the first mortgage is insufficient.

1. In Tolbert v. Horton, 33 Minn. 104, 22 N. W. 126, the test of sufficiency was stated in this wise:

"The general rule is that a description in a chattel mortgage of the mortgaged property is sufficient if it will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property."

The rule was reiterated in Adamson v. Fagan, 44 Minn. 489, 47 N. W. 56, and a particularly useful application of it was made in Barrett v. Magner, 105 Minn. 118, 117 N. W. 245, 127 Am. St. 531. There the residence of the mortgagor was given, and the statement was made that the property was in his possession. The specific description was inaccurate, but was held sufficient to constitute constructive notice within the rule. In Helgeson v. Farmers Co-op. Assn. 160 Minn. 109, 199 N. W. 821, these cases were again cited and followed. In the case of Walker v. Fitzgerald, 157 Minn. 319, 196 N. W. 269, 197 N. W. 259, a motor vehicle was described as "One type S. Wilcox, one-ton truck," and the certificate of title described it as a "model 1 Wilcox truck bearing Motor Number 3051." The mortgage description was held insufficient. That holding does not militate against the doctrine of the cases cited. The court recognized the practice of describing autos by name of the manufacturer, the model, and the factory or model number, and appreciated the difficulty of describing otherwise, and that it was good policy to require the description to be definite. It did not overrule the other cases cited. The description in both mortgages was sufficient. One with the information furnished would be able to identify the property.

2. It is the contention of the defendant that the second mortgage and the second series of notes paid and discharged the first, and that the first notes and mortgage were no longer effective. This contention may or may not be important on a new trial.

The renewal of a note or mortgage does not necessarily, and under ordinary circumstances does not discharge, the obligation. Miller v. McCarty, 47 Minn. 321, 50 N. W. 235, 28 Am. St. 375; Hanson v. Tarbox, 47 Minn. 433, 50 N. W. 474; State Bank v. Mut. Tel. Co. 123 Minn. 314, 143 N. W. 912, Ann. Cas. 1915A, 1082; Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923; Wiley v. Dean, 67 Minn. 62, 69 N. W. 629; Anderson v. Willson, 132 Minn. 364, 157 N. W. 582.

It was urged below that the placing of the word "renewed" upon the first two notes was the equivalent, as a matter of law, of a cancelation within Neg. Inst. Act. § 119, G. S. 1923, § 7162. This view cannot be accepted. See 5 U. L. A. § 119, p. 404, et seq. What the evidence on a new trial may show as to the renewal of the two notes is not a matter of present concern, and the whole question may not be important.

3. The defendant's judgment against Flinn, entered by default, is in excess of that demanded in the summons and complaint. In view of a new trial it should be said that this is wholly unimportant upon the issue involved, as was held by the trial court, and the judgment cannot be attacked collaterally in this action.

Order reversed.