THERRESSA JEANNETTE ENGA v: DAVID E. FELLAND.

117 N. W. (2d) 787.

October 26, 1962—No. 38,384.

*David E. Felland,* pro se, for appellant.
*H. Gordon Taylor* and *Salvatore S. Cecere,* for respondent.

ROGOSHESKE, JUSTICE.

Appeal from a judgment of restitution in an action in unlawful detainer. The case was tried before a jury in municipal court and the court directed a verdict for plaintiff.

The property in question is a 10-unit apartment building in Minneapolis, fee title to which is vested in plaintiff. The record before us is difficult to decipher but it appears that the nature and history of the ownership of interests in the property may be abbreviated as follows: Plaintiff acquired her title in 1959. Conveyance to her was made subject to a mortgage and also subject to a contract for deed, executed on a standard form[1] in 1957 by plaintiff's immediate predecessors, to Adna A. Volk and *Mary E.* Volk, husband and wife, as joint tenants. Subsequently, in October 1959, Adna A. Volk and

[1]See, 29 M. S. A. p. 372, Form 55.

*Elaine F.* Volk, husband and wife, entered into a contract for deed with defendant, also upon a standard form,[2] to convey the property to him by warranty deed subject to the "mortgage and a contract for deed * * * which the party of the second part (defendant) is not assuming." The purchase price stated in what may be referred to as the Volks' contract was $17,500, payable $2,000 at the time of execution and the balance by assumption of the payments on the existing mortgage and monthly installments of $50, which included interest at 6 percent. The purchase price stated in the contract to defendant was $19,800, which apparently included a sale of some furniture and equipment located in the apartments. Defendant was required to pay $2,000 on execution and the remaining balance was payable in monthly installments varying from $253.85 to $219.90, which payments included interest at 6¼ percent.

As specifically authorized by his contract, defendant entered possession and made more than the required monthly payments to the Volks. The record does not disclose any details of those payments, but defendant's testimony that by February 1960 he had paid the Volks $4,000 is not disputed. At one point he testified that this represented payment "in full." However, he later stated that it was "not true" that the Volks no longer have any interest in the property, and his assertion that the transaction between him and the Volks "is not complete yet" appears to conflict with plaintiff's testimony that defendant told her "he bought the contract from Volks." It further appears that defendant was having difficulty locating the Volks because of their travels in other states, and although he admitted receiving a quitclaim deed from them, he declared he had returned it. Apparently he did so because Volk's first wife, Mary, one of the vendees named as a joint tenant in the Volks' contract, had not joined, and also because of difficulties with the transfer of title to the personal property. At least all parties and the court appeared satisfied with a summary of this part of the testimony made by defendant's counsel when he declared, "I think it's obvious Your Honor. I think Volk apparently sold him this property while married to one woman. Now he's mar-

---

[2] See, 29 M. S. A. p. 370, Form 54.

ried to another woman. Obviously he can't get an assignment of Volk's interest until he gets an assignment of the first wife."

For reasons unexplained in the record, and for a period not disclosed, defendant began making the payments on the mortgage and to plaintiff which the Volks were required to make under their contract. Plaintiff, and apparently the mortgagee, accepted this arrangement. Then, defendant fell behind, and on May 10, 1960, plaintiff served upon defendant a notice of termination of the Volks' contract. She did not serve the Volks because she "didn't have the address." The notice of termination recited default in mortgage payments of $593.42 and in payment due plaintiff of $45. Defendant failed to make good the default within the 30 days required by the notice and Minn. St. 559.21, and upon his refusal to surrender possession, this action in unlawful detainer was instituted.

Plaintiff's complaint alleged that the Volks' interest was conveyed to defendant and that the contract of the Volks was duly terminated pursuant to its terms and § 559.21. Her theory is based upon defendant's being an assignee of all or part of the Volks' interest in the property. Defendant filed no written answer, and the court entered a plea of not guilty for him. After the close of plaintiff's case, and again at the close of all testimony, defendant moved to dismiss on the ground that he was not an assignee of the Volks. The court denied this motion, holding "as a matter of law that the defendant is an assign, as defined by the statute, of the Volks, or at least of the interest or part of the interest of Adna A. Volk" and therefore, upon failure to make payment of the default, defendant's right to possession to the premises was terminated.

The briefs deal almost exclusively with the court's finding the evidence insufficient to sustain defendant's claim that he assigned, and plaintiff accepted, future rents in full payment of the admitted default; and also its holding that under his plea defendant could not claim as a defense that plaintiff interfered with his collection of rents and thereby prevented payments upon the contract. While we unhesitatingly agree with these decisions of the trial court, we cannot agree that the record supports the decision that defendant, as a matter of law, is an assign of the Volks' interest in the contract.

Under the allegations of the complaint and defendant's plea, it was incumbent upon plaintiff to establish by competent proof that defendant had no right to possession of the property because the Volks' contract for sale, under which such right could exist, was duly terminated. Her attempt to do this was by proof of service of the notice of termination on defendant, his noncompliance, and her insistence that such met the requirements of § 559.21. This statutory method of foreclosing a purchaser's rights under a contract for sale of land requires service of a notice of termination, specifying the default, upon the "purchaser, * *· * or assigns" personally or by substituted service within or without the state, including service by 3 weeks' publication where the residence of the purchaser is unknown. Singular words used in a statute include the plural.[3] Where there is more than one purchaser, the statute must be read accordingly.

The proof is obviously insufficient to establish plaintiff's claim that she complied with the statutory requirements by serving defendant as an assignee of the purchasers named in the Volks' contract. There is no evidence whatsoever that Mary E. Volk, a covendee, has ever transferred her interest in the contract to defendant. The effort to show that defendant did in fact receive an assignment of Adna A. Volk's interest falls short of establishing as a matter of law that he became the substituted owner of the complete rights of one of the purchasers named in the contract. The form and content of the instrument used between Volk and defendant, as well as the testimony, support little more than a speculative inference that such was the intention of these parties. It may well be the case that Volk succeeded to the interest of his former wife, or that she abandoned her interest and that defendant and Volk thereafter modified the contract of sale between them to effect a complete assignment of Volk's rights under his executory contract. If such were plaintiff's claim, it could have been shown under the established rule permitting modification of a written contract[4] and

---

[3]Minn. St. 645.08(2).

[4]Elliott v. Robbins, 110 Minn. 481, 126 N. W. 65; Mitchell v. Rende, 225 Minn. 145, 30 N. W. (2d) 27; 4 Dunnell, Dig. (3 ed.) § 1774; 7 Id. § 3375.

parol evidence thereof where the parties to the written instrument are not adversaries.[5] Of course, such proof, and a determination based thereon, would not be binding upon the Volks.

That no attempt was made to prove that the Volks had completely divested themselves of all interests in their contract appears to have been based on the erroneous assumption of plaintiff, accepted by the court, that an assignment of any part of either of the Volks' interest in the property was sufficient to enable plaintiff to terminate the contract by service on defendant alone. Such an assumption is contrary to plaintiff's claim—basic to her right to obtain possession from defendant by this summary procedure—that she effected a termination of the Volks' contract. If she did, she foreclosed the rights of both Adna A. Volk and Mary E. Volk. Such a result would be manifest noncompliance with the requirements of the statute.

While there may be instances where the interests of purchasers in an executory land contract, susceptible of division into distinct parts, may be assigned piecemeal, this is not such a case. Defendant's right to possession of the entire property, although subject to challenge by Mary E. Volk, was granted by Adna A. Volk under their contract. Whatever right to possession he held against plaintiff is dependent upon the continued existence of the Volks' contract which, on this record, cannot be treated as divisible into distinct parts.

Absent competent proof that both purchasers named in the Volks' contract completely divested themselves of any interest in that contract, service of the notice of termination upon them, as well as upon defendant as the occupant, was required by the statute and was a prerequisite to plaintiff's action in unlawful detainer.

Reversed and new trial granted.

---

[5] 7 Dunnell, Dig. (3 ed.) § 3396; 3 Corbin, Contracts, § 596, and cases cited therein.