JAMES TOLBERT vs. HIRAM HORTON and another.

January 17, 1885.

Chattel Mortgage—Fraud on Creditors—Recital in Junior Mortgage
—Description of Property.—Tolbert v. Horton, 31 Minn. 518, followed, and applied to this case. The general rule is that a description in a chattel mortgage of the mortgaged property is sufficient if it will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property. Application of this rule to a mortgage in which three horses three years old, coming four, appear to be misdescribed as "three four-year-old horses," with reference to which it is held that the

jury, upon the facts appearing in evidence, were warranted in rejecting the misdescription as to the age, and finding that the three-year-olds were included in the mortgage.

One Peter M. Tolbert, of the city of Rochester, in Olmsted county, mortgaged to the plaintiff a large amount of personal property, consisting of horses, cattle, farm implements, etc., and including that described in the mortgage as "three four-year old horses," all the mortgaged property being described as "being now in the possession of said party of the first part" (the mortgagor) "in the city of Rochester, and town of Rochester, county of Olmsted." The mortgage was duly filed September 13, 1880.

In January, 1881, Peter M. Tolbert mortgaged to the defendant Horton a number of horses, and among them "one span of horses three years old past, the near one in color brown with white star in forehead, a mare and with foal, the off one a gelding with star in forehead, and in color a bright bay." This mortgage was made for a valuable consideration, and was filed January 24, 1881. It described all the property as "being now in possession of said first party" (the mortgagor) in the city of Rochester, county of Olmsted, and "free from all incumbrances except a mortgage heretofore given on a part of said property to one James Tolbert."

This action was brought in the district court for Olmsted county, in February, 1882, to recover possession of "one brown mare with white star in forehead, about five years old, and one bay horse with star in forehead about five years old lately in the possession of one P. M. Tolbert in said county."

The defendant denied that these horses were included in plaintiff's mortgage, and charged that mortgage to be fraudulent as to himself and P. M. Tolbert's other creditors.

After the decision of a former appeal, (reported 31 Minn. 518,) the action was again tried before *Start,* J., and the plaintiff had a verdict. A new trial was refused, and the defendants appealed. The exceptions taken and relied on are stated in the opinion.

*R. A. Jones* and *Kellogg & Eaton,* for appellants.

*Chas. C. Willson,* for respondent.

BERRY, J. The mortgage executed by P. M. Tolbert to defendant

contained these words, following a description of the mortgaged property, viz.: "All the said property being  *  *  *  free from all incumbrances except a mortgage heretofore given on a part of said property to one James Tolbert," (the plaintiff.) Upon the former appeal in this action, (31 Minn. 518,) we held that, from this recital, the defendant is conclusively presumed to have had express notice of the former mortgage to plaintiff, and that, as to defendant, it was valid, and defendant's mortgage subject to it, irrespective of filing.

1. This holding appears to us to dispose of the second, third, fourth, and eighth assignments of error upon defendant's brief. Plaintiff's mortgage, of which defendant is held to have had notice, contains an express acknowledgment of the indebtedness of P. M. Tolbert to him in the sum of $4,533, and expressly states that it is executed to secure that indebtedness. Inasmuch as there is no evidence in the case tending to dispute the existence of the indebtedness thus admitted in the plaintiff's mortgage, the further evidence of such indebtedness received upon the trial was purely superfluous and immaterial, and hence, whether competent or not, worked no harm.

2. As we read the settled case, the entire testimony of Barber as to what property was put into plaintiff's mortgage was stricken out, with the very just remark upon the part of the court that it did not "add to or take from" the mortgage itself.

3. The requisition upon the sheriff in this "claim and delivery" action, and his return thereon, were properly received in evidence, for the purpose indicated in *Bennett* v. *Schuster*, 24 Minn. 383.

4. Testimony that P. M. Tolbert told defendant, at the time when he "bargained" for his mortgage, that there was no incumbrance on the horses involved in the present action, and that they were not included in plaintiff's mortgage, was properly excluded. It was *res inter alios* as respected plaintiff and his rights under his mortgage, executed months before the statements mentioned purported to have been made.

5. The horses in controversy are described in plaintiff's mortgage as "three four-year-old horses," and, together with the other property mortgaged, as "all being now in the possession of said first party, (P. M. Tolbert,) in the city of Rochester and town of Rochester." The

evidence tends strongly to show that, at the time of the execution of the mortgage to plaintiff, the horses were three years old, coming four, so that, as respected their age, there was a misdescription; but this is not necessarily fatal. The general rule is that a description in a chattel mortgage of the mortgaged property is sufficient if it will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property. Jones, Chat. Mortg. § 54, and cases cited.

Now, there is testimony in this case to the effect that it is not uncommon to call horses three years old past, and coming four, four years old; that the mortgage to plaintiff covered all the horses owned by P. M. Tolbert, and in his possession, in the town and city of Rochester; and that there were no other horses in his possession when the mortgage was executed, except the three, (of which these in controversy are two,) which would answer the call of the mortgage, so as to make up the number mortgaged; that is to say, unless the description is to apply to them, there is nothing to which it can apply. In this state of evidence we think the jury might well find the description sufficient to embrace the horses in question, and to enable a third person to identify the property, even though in so doing it would be necessary to reject that portion of the description relating to age. Jones, Chat. Mortg. §§ 61, 63; *Harris* v. *Kennedy,* 48 Wis. 500; *King* v. *Aultman,* 24 Kan. 246.

But, even if there were any doubt as to this proposition, it is to be further noted that the defendant does not occupy the position of an ordinary third party and stranger. His own mortgage expressly notifies him that a part of the property covered by it is subject to the plaintiff's prior mortgage. He is thus expressly put upon inquiry as to *what part* is referred to. There is nothing to show that any of the property mortgaged to defendant, except the horses in dispute, is embraced in plaintiff's mortgage. The testimony shows quite clearly that plaintiff's mortgage did *not* embrace the other horses mortgaged to defendant; and upon the whole testimony there is fair ground for saying that the horses in question were the *only* "part" of the property mortgaged to plaintiff included in defendant's mortgage, and therefore the only and the very property mentioned in defendant's mort-

gage as having been previously mortgaged to plaintiff. As to the defendant, then, at any rate, we think the description must be held sufficient.

This disposes of all of defendant's points to which we deem it necessary to advert specifically, and the result is that the order denying a new trial is affirmed.