PETER STROLBERG *vs.* A. BRANDENBERG.

November 9, 1888.

**Chattel Mortgage of Growing Crop—Description of Property.**—In an instrument filed as a chattel mortgage, the description was as follows: "All that certain personal property described as follows, to wit: The N W ¼ of N W ¼ and S W ¼ of N W ¼, in section 11, township number one hundred thirty-four (134) north, of range thirty-eight (38), eightie, (39) ackers in crop, (33) ackers in whead and (6) ackers ods, all of said property," etc. Other parts of the instrument clearly indicated it to be a mortgage upon personal property. *Held*, that such description must be construed as covering a crop of thirty-three acres of wheat, and six of oats, growing when said mortgage was executed on the land described therein, in possession of the mortgagor. *Held, further*, that said mortgage had, when duly filed, general validity.

Plaintiff, claiming under the mortgage from one Isaac Strolberg mentioned in the opinion, brought this action in the district court for Otter Tail county to recover the value of 275 bushels of wheat taken by defendant, as sheriff of the county, on execution on a judgment against the mortgagor. At the trial before *Baxter*, J., the plaintiff had a verdict, and he appeals from an order granting a new trial.

*Chas. L. Lewis*, for appellant.

*Chauncey L. Baxter*, for respondent.

COLLINS, J. That part of the mortgage involved in this controversy which is written (a printed blank having been used) is not a work of great professional merit. The description of the property is as follows: "All that certain personal property described as follows, to wit: The N W ¼ of N W ¼ and S W ¼ of N W ¼, in section 11, township number one hundred thirty-four (134) north, of range thirty-eight (38), eightie, (39) ackers in crop, (33) ackers in whead and (6) ackers ods, all of said property," etc. It was duly filed in the town clerk's office, and, if the description be sufficient, was of such general validity as will authorize the maintenance of plaintiff's action. It is requisite that it should contain such a description of the property covered as will enable third persons clearly to identify the property, when aided by

inquiries which the instrument itself indicates and directs. *Griffiths* v. *Wheeler*, 31 Kan. 17, (2 Pac. Rep. 842.) It is conceded that the words "whead" and "ods" meant "wheat" and "oats;" and it must also be admitted that, if from the entire instrument it can be gathered that any personal property was in fact mortgaged, it must have been the wheat and oats belonging to the mortgagor. The form used is a very common one. It is headed a chattel mortgage, and the instrument is filed as such. The property is said to be personal. If proper care is not given, or any attempt is made to remove it, provision is made for its seizure and sale; and there are other indications of its nature. It is beyond doubt a mortgage upon some kind of personalty, and the only property of that class mentioned at all is the wheat and oats, at the time in the mortgagor's possession in the town of Leaf Valley, in which town he resided. It is true that 80 acres of land are by government subdivisions first described, when, if it was the intention to mortgage the crop thereon, the proper order would have been to describe the lands last. But it is evident that the mortgage is not upon real estate, and if any force or import is to be given to the fact that lands are described, we must concede that such description is for the purpose of identifying and locating the chattels mentioned. The only kind of chattels alluded to being the acres of wheat and oats in crop, it would seem to follow that said crop must be on the land described. Had inquiry been made when the instrument was discovered in the clerk's office, it would have been found that the mortgagor was in possession of the 80 acres described, upon which he was raising 33 acres of wheat and 6 acres of oats. Armed with this information, although the construction of the sentence before quoted and its orthography are wretchedly bad, can any one doubt that the mortgagor's then growing crop of 39 acres was intended, and in an indistinct and confused manner actually described in the mortgage? The use of the preposition "in," which seems to have determined the learned judge below, should not be allowed to wholly control the construction of the sentence.

Order reversed.