CHARLES E. ADAMSON *vs.* A. E. HORTON.

December 9, 1889.

Chattel Mortgage—Description of Property.—A description of the property in a chattel mortgage, specifying the articles, and stating them to be in the possession of the mortgagors in the city of Minneapolis, is good, so that, the mortgage being properly filed, it is notice to subsequent purchasers.

Appeal by plaintiff from an order of the municipal court of Minneapolis, refusing a new trial after a trial by the court and judgment ordered for defendant. The action was to recover $40 for the conversion of personal property.

*Merrick & Merrick*, for appellant.

*E. A. Sumner*, for respondent.

GILFILLAN, C. J. The plaintiff claims under a chattel mortgage, duly filed; the defendant, under a subsequent purchase from one of the mortgagors. The property, which by the terms of the mortgage was to be left, and which was left, in the possession of the mortgagors, was household furniture, and was described in the mortgage as such property would ordinarily be described, thus: "One dark wood

v.42m.—11

chamber suit, (three pieces;) one red centre table," etc.; "now in their [the mortgagors'] possession in the city of Minneapolis, in the county of Hennepin and state of Minnesota." It is claimed by respondent, and the court below decided, that the description is not sufficiently definite and certain, so that, the mortgage being duly filed, a subsequent purchaser will be charged with notice of it. It is, however, as definite and certain and particular as that in the mortgage in *Eddy* v. *Caldwell*, 7 Minn. 166, (225) which was held to be sufficient. See, also, *Wells* v. *Wilcox*; 68 Iowa, 708, (28 N. W. Rep. 29.) It furnishes the means of identifying the property about as fully as is ordinarily possible with that kind of property. Any one finding such articles as are described in the mortgage in the possession, at its date, of the mortgagors, (J. W. and Nellie Carlin,) in the city of Minneapolis, could hardly mistake as to their identity. It is true that subsequent events—acts of the mortgagors, for instance—might throw difficulties in the way of such subsequent identification,—as, if the mortgagors assume and become known by some other name, or if they transfer the possession to some one else, or remove the property from the city; but that would not affect the sufficiency of the description as contained in the mortgage. There are few instances of personal property the distinguishing marks of which may not be obliterated or changed. The fact that they can be will not make bad a description which, when given, is good.

Order reversed and the court below will enter judgment on the findings in favor of plaintiff.