FIRST NATIONAL BANK OF WADENA v. M. J. HENDRICKSON (FAR-WELL, OZMUN, KIRK & CO., Intervenor).[1]

June 7, 1895.

Nos. 9369—(226).

Chattel Mortgage—Erroneous Description—Replevin.

H. and J. were copartners in farming operations on the W. ½ of section 36, township 139, range 34. H. resided on the farm, while J. lived in the village of Park Rapids, a few miles distant. With an intention to mortgage a half interest in wheat to be raised on the farm to secure the pay-

[1] Reported in 63 N. W. 725.

ment of a firm debt, J., describing himself as of the town of Park Rapids, executed and delivered a chattel mortgage to plaintiff, whereby, among other articles, he mortgaged "the following described property, now in my possession, in the town * * * aforesaid: * * * Half interest in 160 acres of wheat to be grown on the northwest quarter of section 36, township 139, range 33, for the year 1893." It is *held*, in an action of claim and delivery to recover possession of wheat raised upon the land in range 34, brought against H., who was lawfully in possession, in which action a third party had intervened as a subsequent mortgagee, that the description was not only insufficient, but also misleading. Rejecting the error in the number of the range as a mistake, there was nothing left to suggest or govern an inquiry; and as to both defendant and the intervenor the mortgage was invalid.

Action for claim and delivery in the district court for Hubbard county, in which Farwell, Ozmun, Kirk & Co., intervened, and under a mortgage from one Jarvis and defendant as copartners claimed to be owner of 500 bushels of wheat taken by plaintiff. At the trial, the court, Holland, J., directed a verdict that defendant was entitled to recover 322 bushels, and assessing her damages, in case a recovery could not be had, at $159.34, and that the intervenor was entitled to recover 312 bushels, and assessing its damages, in case a recovery could not be had, at $151.26. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Coppernoll & Willson* and *L. W. Bills*, for appellant.

*A. G. Broker* and *B. F. Wright*, for defendant respondent.

*F. A. Vanderpoel*, for intervenor respondent.

COLLINS, J. This was an action in claim and delivery, the property in dispute being about 600 bushels of wheat. The complaint was in the usual form, plaintiff corporation alleging generally its ownership of the grain and its right to possession. But on the trial it appeared that plaintiff's claim was predicated entirely upon a chattel mortgage executed and delivered by one Jarvis to it, in which there was an error of description, an error which was not discovered until a few days before the trial in question. Jarvis and the defendant, Mrs. Hendrickson, were copartners in two or three kinds of business, including certain farming operations on the W. ½ of section 36, township 139, range 34, in Hubbard county. This copartnership was insolvent. Mrs. Hendrickson resided on

the farm, but Jarvis lived in the village of Park Rapids, some miles distant. For the purpose of securing a firm debt due to the plaintiff, Jarvis, describing himself as of the town of Park Rapids, executed this mortgage, which covered, among other articles, "the following described property, now in my possession, in the town * * * aforesaid: * * * half interest in 160 acres of wheat to be grown on the northwest quarter of section 36, township 139, range 33, for the season of 1893." The misdescription was of the range, which should have been 34 instead of 33,—a mutual mistake.

At the close of plaintiff's proofs, and on some admissions as to value and the interest the intervenor had in the grain, if any at all, the trial court ordered a verdict in behalf of the latter to the extent of that interest, and for the defendant, Mrs. Hendrickson, for the balance. This ruling of the court below was correct. Plaintiff could not maintain an action to recover possession of the property or its value without first proceeding in equity or in the same action to reform the description in its mortgage so as to make it conform to the intentions of the parties. Counsel for plaintiff do not question this proposition if the description was in fact insufficient or misleading. Their contention is that, applying the rules which have been laid down in this and other courts when ascertaining the adequacy of descriptive portions of this class of instruments, this description is ample to put third persons on inquiry to ascertain whether there was a mistake in the number of the range, and sufficient to enable the mortgagee to maintain this form of action, and, on the trial, to identify the intended grain by parol testimony. The rules referred to have been recently placed together in 1 Cobbey, Chat. Mortg. c. 12, and we need not mention them in detail. It seems to us that this description was not only inadequate for any purpose, but was misleading. It would not enable a third person to identify the property intended to be mortgaged, aided by inquiries which were indicated and directed by the instrument itself. For instance, although it was recited that the mortgaged grain was in the mortgagor's possession in the town of Park Rapids, it actually had no existence, for it was stated in the description that it was yet to be grown. It could not have been in his possession, and this was obvious from the mortgage itself. Nor was it stated that

it was to be grown on land belonging to the mortgagor or in his possession.   If the mortgage had purported to be on growing grain in the mortgagor's possession, or on his land, or a mortgage on grain yet to be grown on land in his possession, or belonging to him, it would in all probability have enabled its location and identification by reasonable inquiry.   But, instead of this, the location was definitely fixed and made certain, and, rejecting this item as a mistake, there was nothing left to suggest or govern an inquiry. The error was such as to render the mortgage invalid, and this disposes of the claim that, as to the defendant, Mrs. Hendrickson, the plaintiff was entitled to recover.   It is urged that as the mortgagor identified the property, directed the mortgagee to take possession, and such possession was taken, under the mortgage, the sufficiency of the description became immaterial.   But there was no delivery of the wheat under the mortgage, and the authorities cited are not in point.   It is true that the mortgagor told the mortgagee where the wheat was stored,—on a farm, and in Mrs. Hendrickson's possession; but she refused to surrender it, and this action was brought against her to recover such possession.   Possession was not delivered nor taken under the mortgage.

Order affirmed.