## KELLY-DULUTH COMPANY v. H. P. REED AND VIRGINIA AUTO COMPANY.[1]

June 8, 1923.

No. 23,219.

**Defendant good faith purchaser of motor and entitled to possession.**

The defendant Reed purchased in good faith an auto from the defendant Virginia Auto Company on September 17, 1920, and received a bill of sale in proper form, which he presented on September 21, 1920, to the register of deeds from whom he received a certificate of title under Laws 1919, c. 510. He took immediate possession. On July 9, 1920, the auto company gave a writing, in the form of a bill of sale, but without witnesses or an acknowledgment, to the credit man of the plaintiff, as security for a debt owing the plaintiff. It was in fact a mortgage. The register of deeds gave the credit man a certificate

[1]Reported in 194 N. W. 103.

of ownership. The bill of sale was not filed in the manner provided by G. S. 1913, section 6967 or section 6983. The auto company retained possession until the auto was sold to the defendant Reed. By section 6966 an unfiled mortgage, without a change of possession, is void as to subsequent good faith purchasers. It is *held* that the defendant is protected as a good faith purchaser and is the owner and entitled to possession.

Action in the district court for St. Louis county to recover possession of an automobile or the sum of $2,500, the value thereof. The case was tried before Hughes, J., who made findings and ordered judgment in favor of defendant. From an order denying its motion to set aside the findings or for a new trial, plaintiff appealed. Affirmed.

*McCoy & Hansen*, for appellant.

*C. G. Anderson* and *H. P. Reed*, for respondent.

DIBELL, J.

Replevin for an auto in the possession of the defendant Reed. He alone appeared. There were findings in his favor and the plaintiff appeals from the order denying its motion for a new trial.

On July 9, 1920, the defendant Virginia Auto Company gave one M. E. George, the credit man of the plaintiff, a so-called bill of sale of the auto, then in its possession, to secure money which it owed the plaintiff. It was in fact a mortgage. It was not witnessed nor acknowledged so as to be entitled to be filed as a chattel mortgage and it was not so filed. It was presented to the register of deeds, who issued to George a certificate of title under Laws 1919, p. 681, c. 510, amended by Laws 1919, p. 86, Sp. Sess. c. 53, now repealed by Laws 1921, p. 780, c. 472. The auto was left in the possession of the Virginia company. It sold it to the defendant Reed on September 17, 1920, for a valuable consideration. He had no actual notice of the transaction with George, and he was a good faith purchaser. He received a bill of sale, presented it to the register of deeds on September 21, 1920, and received a certificate of title. He took possession at once.

It is unnecessary to consider the general purpose of the 1919 repealed statute, or to discuss at length its proper construction. It does not purport to give the certificate of title effect as constructive notice. There are provisions as to the effect of a sale not made in accordance with the statute, which may not be easy of construction. Sections 8,·9. The auto here involved is covered by two certificates of ownership separately held, and regular on their face. It is clear that it was not intended that the statute would annul the provisions of G. S. 1913, section 6967, et seq., and section 6086, et seq. providing for the filing with the clerk of a municipality or the register of deeds of the county, nor the effect of the failure to file on good faith purchasers as fixed by G. S. 1913, § 6966.

The defendant is protected as a good faith purchaser and is the owner of the auto and entitled to possession.

Order affirmed.