ELIZABETH WALKER v. BERT FITZGERALD AND OTHERS. THE BEARMAN FRUIT COMPANY, APPELLANT.[1]

December 14, 1923.

No. 23,397.

**Priority between mortgagee and good faith buyer of motor truck.**

1. The holder of a chattel mortgage on a motor vehicle also held the certificate of title prescribed by chapter 510, Laws 1919. She made an unqualified assignment of the certificate to the mortgagors and they obtained a new certificate of title showing them to be the owners of the vehicle. As against a subsequent good faith purchaser from the mortgagors, it is doubtful whether the mortgagee could assert her rights under the mortgage.

**Description of vehicle insufficient to charge third persons with notice.**

2. The motor vehicle was described in the mortgage as "One type S. Wilcox, one-ton truck." The certificates of title described it as a Model 1 Wilcox truck bearing Motor Number 3051. *Held* that the description in the mortgage was not sufficient to charge third persons with notice that it covered the truck described in the certificates.

[1]Reported in 196 N. W. 269, 197 N. W. 259.

**Description should identify the vehicle.**
>    3. Motor vehicles should be described in mortgages, bills of sale
> and the like by giving such details as will furnish means of identify-
> ing the property as fully as possible.

Action in replevin in the district court for Hennepin county to re-
cover possession of certain property or for $1,500, the value thereof.
The case was tried before Waite, J., who at the close of the testi-
mony denied the motion of defendant fruit company for a directed
verdict, and a jury which returned a verdict in favor of plaintiff for
immediate possession of the property and found that its value at the
commencement of the action was $865.70. From an order denying
its motion for judgment notwithstanding the verdict or for a new
trial, Bearman Fruit Company appealed. Reversed.

*Ell M. Rosenstein,* for appellant.
*Walter P. Wolfe,* for respondent.

LEES, C.
Appeal from an order denying the motion of the defendant Bear-
man Fruit Company for judgment or a new trial of an action to
recover possession of a motor truck.

Plaintiff sold the truck to the defendants Fitzgerald and May,
taking from them a chattel mortgage upon it, in which it was de-
scribed as "One type S. Wilcox, one-ton truck." The mortgage re-
cited that the mortgagors resided in Minneapolis and that the truck
was in their possession. Plaintiff held an owner's certificate of title
to a motor vehicle described in the certificate as follows: "Motor
Number 3051, Make Wilcox, Model 1, * * * purchased from
Wilcox Motor Co.," residing at Mpls. on the 15th day of October,
1917. She assigned the certificate to Fitzgerald & May by an in-
strument dated February 24, 1920, and acknowledged June 25, 1920,
and reading in part as follows:

"The within registered owner does hereby sell, assign, transfer
and set over all right, title and interest in and to the within de-
scribed motor vehicle as designated by certificate of title No. 17240
to Fitzgerald & May of Mpls. Minn. * * * and hereby author-

ize the Register of Deeds who issued said certificate to cancel the same and I further authorize and direct the Register of Deeds of the County of ————— where said assignee resides to issue a new Certificate to said assignee."

The original certificate was marked "Cancelled" and a new one was issued to Fitzgerald & May, reciting that they were the owners of the motor vehicle described in the original certificate, having purchased it from the Walker Transfer Company on February 24. On March 30, 1920, the Oneida Truck Sales Company, acting for Fitzgerald & May, sold the truck to the fruit company to which a certificate of ownership was duly issued. Thereafter the fruit company expended a substantial sum in repairing the truck.

Fitzgerald & May failed to pay the full amount of their indebtedness to plaintiff. By reason of their default, plaintiff resorted to the mortgage, and, for the purpose of foreclosing it, made a demand upon the fruit company for the truck. Upon its refusal to surrender possession, she brought this action.

Two questions are presented by the appeal: (1) What was the effect of plaintiff's assignment of her certificate of title to Fitzgerald & May? (2) Is the truck sufficiently described in the chattel mortgage to enable her to claim it as against a purchaser for value without actual notice of her rights?

1. The answer to the first question depends upon the effect to be given to chapter 510, p. 681, Laws 1919, as amended by chapter 53, p. 86, Laws 1919 (Sp. Sess.) now repealed by chapter 472, p. 780, Laws 1921. These acts were considered incidentally in Kelly-Duluth Co. v. Reed, 156 Minn. 39, 194 N. W. 103, but the question here presented was not involved in that case.

Section 6 of chapter 510 provided for the surrender and cancelation of the original certificate of title when a new one was issued to an assignee. Section 7 provided that a sale, assignment or transfer of a motor vehicle, title to which had not been registered or assigned as required by the act, should be voidable. Section 4, as amended, provided that the certificate might be issued to the vendee in a conditional sales contract, in which case the facts were to be noted in the certificate. This seems to have been required for the pur-

pose of giving notice of the rights of the vendor to a purchaser from the vendee. Whether the holder of a chattel mortgage came within this provision of the act is a question upon which we express no opinion. Here the mortgagee made an unconditional assignment of the certificate to the mortgagors. She made it possible for them to obtain a certificate of unqualified ownership. Having obtained it, they sold the truck to the fruit company. It purchased for a valuable consideration and without actual notice of plaintiff's rights. In these circumstances, should she be permitted to assert that she still retained the legal title as security for the indebtedness of Fitzgerald & May, which is set forth in the mortgage? This feature of the case was submitted to the jury, who were instructed that the question was one of intention, and that, if plaintiff intended to assign all her interest in the mortgaged property to Fitzgerald & May, she could not recover. That would be true as between the parties to the mortgage, but is it also true when the rights of a good faith purchaser from a mortgagor are involved? It would seem that a mortgagee who allows the mortgagor to retain possession of the mortgaged property and gives him written evidence of unqualified ownership should be estopped from thereafter asserting as against a good-faith purchaser from the mortgagor that there was no intention to release the property.

2.    But there is a more serious obstacle to a recovery. It is conceded that the truck is accurately described in the certificate of title. The description of the mortgaged property is quite different. The fruit company had constructive notice of everything that would have been disclosed by an examination of the mortgage. Had they examined it, they would have ascertained that plaintiff held a mortgage on "One type S. Wilcox one-ton truck," which was in the possession of Fitzgerald & May. This court has gone far in sustaining indefinite and imperfect descriptions of mortgaged chattels. See Barrett v. Magner, 105 Minn. 118, 117 N. W. 245, 127 Am. St. 531, and the cases reviewed in the opinion. It has been ruled that a description is sufficient if it will enable a third party, aided by inquiries which the instrument itself suggests, to identify the property. Tolbert v. Horton, 33 Minn. 104, 22 N. W. 126. In Adamson v.

Horton, 42 Minn. 161, 43 N. W. 849, the court said of a description of household furniture, that it furnished means of identifying the property as fully as was ordinarily possible with that kind of property. Such is not the case here.

To register a motor vehicle, the laws enacted from time to time have required the owner to give the name of the manufacturer, the model and the factory or model number. It is a matter of common knowledge that automobiles are thus described when sold, mortgaged or insured. It is the only description which furnishes reasonable means of identification. It is easy to give, is definite and certain, and has generally been adopted by the public. It cannot be held that the description in plaintiff's mortgage is sufficient to charge third persons with notice that the mortgage covered a Model 1 Wilcox Truck bearing Motor Number 3051. It follows that the fruit company was not charged with notice of plaintiff's interest in the truck and that its motion for a directed verdict should have been granted.

Order reversed with directions to enter judgment on the merits in appellant's favor.

## AFTER REARGUMENT.

On February 29, 1924, the following opinion was filed:

LEES, C.

Whether the description of the mortgaged property furnished the purchaser with the means of identifying the property with reasonable certainty is the question which counsel have reargued at the request of the court. The original brief for respondent contains this statement:

"The truck involved in this law suit was registered in the office of the Register of Deeds of Hennepin County, as required by Chapter 510 of the Session Laws of 1919, but the certificate was not assigned at the time of the sale of the business, but on the 24th day of February, 1920, the respondent made an assignment of the Certificate of Registration to Fitzgerald and May, who, on the same date,

filed their assignment and secured a new certificate from the Register of Deeds."

The statement is supported by the undisputed evidence. Strictly speaking, respondent did not expressly concede that the truck was correctly described in the certificate of title. The language of the opinion would have been more accurate if it had been said that respondent was in a position where she could not be heard to say that the description in the certificate was not correct. She put into the hands of Fitzgerald & May a certificate showing that she had parted with all her title and interest in the truck described in the certificate, and it is conceded that this is the truck "involved in this lawsuit." Putting the question of estoppel aside, the mortgage, though good as between the parties thereto, was not good as to a purchaser from the certificate holder unless he was charged with notice that the truck described in the certificate and the one described in the mortgage were one and the same.

The best description of a motor vehicle is the one required by the laws of this state in connection with an application for its registration, but of course it is not the only one legally sufficient to identify the vehicle with reasonable certainty.

Considering the facts and circumstances of this case, we are of the opinion that as to appellant the description of the truck contained in the mortgage was erroneous and insufficient to charge appellant with notice that it was buying the mortgaged property. The court adheres to its former decision.

Judgment will be entered in the court below in appellant's favor.