## SIGVAL HELGESON v. FARMERS CO-OPERATIVE ASSOCIATION.[1]

June 27, 1924.

No. 24,001.

**What is sufficient description of crop.**
1. The description of a crop in a chattel mortgage is sufficient if it be such that a prudent disinterested person, aided and directed by such inquiry as the instrument suggests, is able to identify the property.

**Description gave constructive notice.**
2. A description examined and *held* to be sufficient to constitute constructive notice.

**Phrase in chattel mortgage construed.**
3. Language in a description of property in a chattel mortgage, to-wit: "Also all interest in and to any and all crops" etc. construed to mean only the interest of the mortgagors.

**Directed verdict proper.**
4. Record examined and *held*: (1) That the evidence failed to show mortgagee consented to sale of mortgaged property and a verdict was properly directed; (2) that mortgagee had not received from all sources over $2,000 to apply on his claim of $4,500.

[1]Reported in 199 N. W. 821.

**When mortgagee cannot sue purchaser for conversion.**

    5. When proceeds from sale of mortgaged chattels are turned to the mortgagee· to apply on an unsecured note which he holds against the mortgagor, he cannot recover from the purchaser of the mortgaged property in conversion.

    Action in conversion in the district court for Jackson county to recover $978.95 from defendant association of Jackson, Minnesota. The case was tried before Dean, J., who at the close of the testimony denied defendant's motion for a directed verdict and granted plaintiff's motion for a directed verdict. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed with directions.

    *E. H. Nicholas,* for appellant.

    *O. Thoreson,* for respondent.

WILSON, C. J.

    This is an action in conversion in which plaintiff seeks to recover the value of 1,500 bushels of oats and eight hogs, on which he held a chattel mortgage at the time defendant purchased the same from the owners thereof.

    Plaintiff and Tom Thorson were jointly operating and farming, as tenants, a 160-acre farm owned by Hans Hoganson which was within the description hereinafter mentioned. Plaintiff sold his half interest in the personal property and lease owned by these tenants to Osuf Thorson for $4,500, all represented by notes aggregating this amount which were signed by Osuf Thorson and Tom Thorson. These notes were secured by a chattel mortgage on the whole of the personal property owned by the two mortgagors and following the description of a long list of personal property then in existence was this language:

    "also all interest in and to any and all crops of every name, nature and description, including grass, which have been, or may hereafter be sown, grown, planted, cultivated or harvested during the year A. D. 1920 & 1921 on the following described real estate, situated, lying and being in the County of Jackson and State of Minnesota,

to-wit: Sections 5 and 6, 101-35 Middletown * * * all said property now being in the Town of Middletown in the County of Jackson, Minnesota, in possession of the undersigned."

The mortgage is dated July 26, 1920, and recites that the mortgagors reside in the town of Middletown, county of Jackson, Minnesota. This mortgage was filed in the office of the register of deeds of Jackson county on July 27, 1920. These tenants in 1920 raised on the Hans Hoganson land 1,777½ bushels of oats and two-fifths of this belonged to the landlord, the other three-fifths was owned by the mortgagors who hauled their share to the elevator of defendant at Jackson. Defendant, with actual knowledge of the mortgage, bought the grain and also eight hogs covered by it. Defendant immediately sold this property and upon demand refused to return or pay for the same. Plaintiff brought this action. There is no dispute as to the value of the property. At the close of the trial the court directed a verdict for the plaintiff. Judgment was entered for $954.87 and defendant has appealed therefrom.

There are several assignments of error but defendant's claims present the following inquiries: (1) Is the description of the crops in the chattel mortgage sufficiently definite and certain so as to constitute constructive notice? (2) What interest was mortgaged? (3) Was the sale made with the knowledge and consent of the plaintiff? (4) What amount, if any, had been paid on the mortgage? and (5) Did plaintiff receive the money which defendant paid for the oats?

1. The description of a crop in a chattel mortgage is sufficient if it be such that a prudent, disinterested person, aided and directed by such inquiries as the instrument suggests, is able to identify the property. Dunnell, Minn. Dig. § 1432. This mortgage discloses the residence of the mortgagors, their possession of the hogs and the inference is that the grain to be grown would be in their possession. Barrett v. Magner, 105 Minn. 118, 117 N. W. 245, 127 Am. St. 531. In fact in the instant case the crops on the date of the mortgage were growing and were then in the possession of the mortgagors. Following the aid and direction of the mortgage itself, one would

have no difficulty in locating or identifying this property by reasonable inquiry. The mortgage says that the mortgagors reside and the property is located in Middletown in Jackson county. It also discloses sections 5 and 6. It does not disclose just what part of this land is occupied by them. This area includes eight owners. However the mortgage itself limited the field of inquiry to such an extent that ordinary inquiry, as the mortgage suggests, would have overcome all difficulties. First Nat. Bank v. Hendrickson, 61 Minn. 293, 63 N. W. 725; Barrett v. Magner, supra; Schneider v. Anderson, 77 Minn. 124, 79 N. W. 603; Tolbert v. Horton, 33 Minn. 104, 22 N. W. 126; Adamson v. Horton, 42 Minn. 161, 43 N. W. 849; Strolberg v. Brandenberg, 39 Minn. 348, 40 N. W. 356. There would have been no trouble in locating the Hoganson farm. The mortgagors' possession of the crops covered by the mortgage sufficiently distinguished them from crops owned by other persons on other parts of sections 5 and 6. This possession completely identified the crops. We conclude that the description in this mortgage was sufficient to constitute constructive notice.

2. It is claimed by appellant that the language "also all interest in and to any and all crops" is indefinite as to whose interest is mortgaged. The statutory form of a quitclaim deed contains similar language as to the "interest." Section 6828, G. S. 1913. Presumably they would mortgage only their own property. This language cannot be construed to mean any interest but that of the mortgagors. It is not claimed that the mortgage covered any property but that which the mortgagors owned. They had an undivided interest in the crops, and of course they only intended to mortgage their own interest. The language is plain and cannot mean that they were mortgaging somebody else's interest in the property. The extent of the interest of the mortgagors could also have been ascertained by reasonable inquiry. Appellant sought to prove that Tom Thorson did not intend to mortgage his share of the property. The court properly excluded such proof. Defendant was not in a position to successfully attack this mortgage in such collateral way by showing that Tom Thorson did not intend to do what he in fact did do.

3. We have carefully examined the record and are unable to find any evidence to prove or to support any inference that this property, or any part of it, was sold with the knowledge or consent of the plaintiff. The evidence would not support a verdict of the jury holding that plaintiff authorized or consented to the sale of any of this property. The trial court was right in granting the motion for a directed verdict.

4. The record sufficiently shows that the mortgagee, the plaintiff, had not at the time of trial received from all sources, over $2,000 to apply upon the $4,500 chattel mortgage indebtedness.

5. Appellant asserts that plaintiff actually received the money paid for the oats and hence cannot hold appellant for conversion. This is founded upon the testimony of Osuf Thorson who said he paid this money to plaintiff. He also said that he used it to pay a note. The evidence shows beyond question that he had given to plaintiff a note of $226.20 for corn. This note was at a local bank and Thorson paid from the proceeds of this transaction $226.20 in payment of the corn note, $3.14 interest thereon, and $14.90 as interest on one of the notes secured by the chattel mortgage in question. This was before plaintiff knew that the mortgaged property had been sold. However, the plaintiff received the proceeds from the sale of this property to the extent of $244.24. To this extent the appellant is entitled to credit. Respondent cannot participate in this sale, even without knowledge thereof, by accepting a part of the proceeds, and then claim damage for a conversion of the same property for which the $244.24 was paid. Having received this money, which is concededly the value of the property for which it was paid, the respondent cannot claim that he was damaged to this extent. This money was turned into the local bank where the corn note was left by him and he got credit at the bank for this money. Insofar as appellant is concerned, in an action of this character, the respondent is in substantially the same position as if the money had been paid directly to him by appellant. To the extent of the $244.24 he was not damaged. There was error to the extent of the $244.24 and interest thereon, which was included in the verdict and judgment.

The judgment is affirmed with direction that it be modified by reducing the amount thereof to such extent.

QUINN, J. (dissenting.)
I dissent.