C. I. T. CORPORATION v. DeGRAFF LUMBER COMPANY.[1]

March 29, 1935.

No. 30,268.

*Ozro Yakey,* for appellant.

*J. A. Lee* and *Fosnes & Rolloff,* for respondent.

PER CURIAM.

Defendant appeals from the judgment in a replevin suit adjudging that plaintiff was entitled to the possession of the automobile hereinafter referred to and, if recovery of possession could not be had, that plaintiff was entitled to judgment for the sum of $92.08 and certain interest and costs, the $92.08 being the amount of a lien held by plaintiff against the automobile under a conditional sales contract.

One Russell Powers, in September, 1930, purchased the automobile in question from a dealer at Wilton in McLean county, North Dakota, and gave a conditional sales contract for the payment of a substantial part of the purchase price. This contract was properly registered and recorded in McLean county, where the automobile was kept, so as to comply with the registration laws of the state of North Dakota, and was thereafter duly assigned to this plaintiff. The automobile was registered with the motor vehicle department of North Dakota and a license issued thereon by that depart-

[1]Reported in 259 N. W. 807.

ment. In May, 1931, while there remained unpaid on the conditional sales contract the said sum of $92.08, the purchaser of the car, Russell Powers, drove the car into Minnesota, where in June, 1931, it was taken, levied upon, and sold under a judgment in favor of the defendant in this case and against the said Russell Powers. The automobile was bid in by the defendant and was thereafter converted by it. Plaintiff brought this action in replevin to recover possession of the automobile or the sum of $92.08, the amount of its lien thereon. The case was tried in the district court and, by agreement between the parties, was taken from the jury and submitted to the court. The court made findings of fact and conclusions of law resulting in judgment in favor of the plaintiff, as above stated. The appeal here raises only the one question of whether the court erred in failing to direct a verdict in favor of defendant and in ordering judgment, after finding the facts, in favor of the plaintiff. Briefly stated, the question for review is whether the evidence sustains any recovery by the plaintiff in the case.

Only one claim as to insufficiency of the evidence is made, and that is that the description of the automobile as contained in the conditional sales contract was so defective and incomplete that the registration and recording of the contract did not constitute constructive notice of plaintiff's claim and therefore no recovery could be had by the plaintiff. The description of the car as contained in the conditional sales contract was as follows: Plymouth Coupé. Model, 1930. Serial No. RS 898 D. Motor No. 33387. The only defect or error in this description, as we see it from the record, is the claim made by defendant that the coupé was a 1929 model. The year used in designating the model of an automobile does not appear to be so very important. An error in the model year is not sufficient to vitiate the description. We take it that it is quite customary for automobile manufacturers and dealers to manufacture and distribute automobiles designated as models for the next year. Here the car was in fact sold to the purchaser in September, 1930. As a further means of identification, besides the serial and motor numbers, the car, at the time it was levied on,

carried a North Dakota license plate, which by reference back to the registration in that state would disclose the name of the owner and at least some of the descriptive numbers of the car.

We see no reason for disturbing the decision and judgment on any ground here presented. The judgment appealed from is affirmed.