## A. Y. McDONALD MFG. COMPANY v. CLARE L. READ.[1]

May 2, 1941.

No. 32,690.

*M. E. Culhane,* for appellant.
*Johnson, Sands & Brumfield,* for respondent.

STONE, JUSTICE.

The decision below is that the record of an instrument in the nature of a conditional sale contract, because of its usurious pro-

[1]Reported in 297 N. W. 739.

vision for interest and insufficient description of subject matter, was of no avail as constructive notice to subsequent purchasers in good faith and for value.

The subject matter of the instrument was a "Mueller Oil Furnace," sold in February, 1937, by plaintiff to the L. D. Eastman Furnace Company. The document is on a printed form and begins in terms of a promissory note of the Eastman company promising to pay plaintiff $210 (purchase price of the furnace) with interest "at the rate of ten per cent per annum from maturity date until paid." Then follows: "The express condition of the sale * * * for which the above note is given is such that the title, ownership and right of possession, does not pass from" plaintiff until the "note" is "fully paid."

The instrument was filed in the office of the city clerk of Minneapolis. Thereafter, defendant in good faith and for value purchased the furnace in ordinary course of business from stock on display by the Eastman company.

One ground of decision below was that filing of the instrument "with its uncertain, indefinite, doubtful description of the furnace" was not constructive notice to defendant of plaintiff's reserved title to the furnace. That conclusion is sound. So it is unnecessary to consider any other question.

A description in a recorded instrument is sufficient if it will enable third persons, aided by inquiries which the instrument itself reasonably suggests, to identify the property. Tolbert v. Horton, 33 Minn. 104, 22 N. W. 126; 10 Am. Jur., Chattel Mortgages, § 55. The description of subject matter here in question was of "1 #21 Mueller Oil Furnace, floor display." "21" is the model number. Each such furnace has an identifying serial number plainly stamped thereon. Such number of this furnace was "MSO-254."

Defendant was not party to the instrument. Between parties, inaccuracy or other deficiency may be tolerated. 10 Am. Jur., Chattel Mortgages, § 54. Further restricting consideration, it

should be emphasized that deficiency in the present case lies in incompleteness of description, rather than inaccuracy of what is shown. C. I. T. Corporation v. DeGraff Lbr. Co. 194 Minn. 169, 259 N. W. 807. (Serial and motor number of car correct but date of "model" wrong by one year.)

We have sustained somewhat deficient descriptions of both types. In Barrett v. Magner, 105 Minn. 118, 117 N. W. 245, 127 A. S. R. 531, a description of mortgaged horses by age (not wholly accurate), color, and weight was sustained. The result was largely put upon the fact, appearing from the mortgage, that the property was to remain in the possession of the mortgagor. That would aid materially in identification. In the present case, the "right of possession" was reserved to plaintiff. Although it appears by implication that the Eastman company was to have the actual possession, the instrument contemplated sale or removal from its premises with written permission of plaintiff.

Because, by the terms of the mortgage, the property was to be left in possession of the mortgagors and the description furnished "means of identifying * * * about as fully as is ordinarily possible with that kind of property," a somewhat inadequate description of mortgaged household furniture was sustained in Adamson v. Horton, 42 Minn. 161, 43 N. W. 849. A description of a motor vehicle as "One type S. Wilcox, one-ton truck," omitting model and factory number, was held insufficient in Walker v. Fitzgerald, 157 Minn. 319, 196 N. W. 269, 197 N. W. 259, because such designation was common practice and "the only description which furnishes reasonable means of identification."

It is significant that plaintiff, in all its transactions affecting the furnace, found it expedient, if not necessary, to identify it by serial number. That was the easy and accepted means of identification. It is patent that a motor vehicle, of which there are so many of the same model, should be as accurately described as possible. Necessity of accurate and complete description of an article such as a furnace is just as compelling where it is part of a retail stock offered for sale to the unsuspecting public. Then,

if ever, where each machine bears its own identifying serial number, the latter is an essential part of its description if instruments affecting title, recorded, are to be depended upon as constructive notice.

Order affirmed.