**MILLER v. McCRAY REFRIGERATOR CO.**
No. 12373.

Circuit Court of Appeals, Eighth Circuit.
Oct. 12, 1942.

H. A. Courtney and J. J. Courtney, both of Duluth, Minn., for appellant.

H. A. Dancer, of Duluth, Minn., for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The important question for decision in this case is whether the description of a refrigerator in a conditional sale contract was so defective as to prevent the record of the contract from operating as constructive notice under the laws of Minnesota.

In the summer of 1941, William Joseph Lutgen, a retail grocer of Little Falls, Minnesota, doing business as the Food Mart —also known as Lutgen's Food Mart,— purchased a refrigerator from the appellee, McCray Refrigerator Company, under a conditional sale contract. The contract provided that the title should remain in the vendor until the purchase price was fully paid. It also provided that upon default in the payment of any installment of the purchase price, the entire purchase price should become due and the vendor might take possession of and resell the refrigerator. The contract was upon a printed form entitled:

"Equipment Order
"McCray Refrigerator Company."

In the space provided for the description of the property sold and the price, appears:

"One F.O.  5 M.    Z–1163      $644.00
"Allowance for used Refr.      $194.00
                               ————
                               $450.00"

The contract showed that the equipment sold was to be shipped to Lutgen's Food Mart, Little Falls, Morrison County, Minnesota, and contained the following provisions:

"Purchaser agrees that the equipment covered by this contract shall be used at Little Falls, Minn., address of installation, and, until paid for in full, none of same shall be removed therefrom without the previous written consent of the McCray Refrigerator Company, * * *.

  *    *    *    *    *    *

"It is also agreed that all outlets for either electrical wiring or drains will be brought to the outside of the refrigerator only. All plumbing and electrical work is to be arranged for by the purchaser at his expense.

"It is agreed that all new McCray refrigerating equipment is guaranteed, under normal use, against defective materials and workmanship for a period of one year from date of installation. It is understood that the McCray Refrigerator Company shall not be responsible for spoilage losses or damage due to mechanical refrigerating equipment sold hereunder."

This contract was recorded in the office of the Register of Deeds of Morrison County, Minnesota, on August 30, 1941.

The refrigerator was delivered to Lutgen and installed in his place of business at Little Falls. It had a plate attached to the front of the case bearing the name "McCray", and there was located on the case a plate bearing the model number, "F.O. 5 M." and the serial number, "Z 1163." This serial number did not appear on any other McCray "unit."

On November 7, 1941, Lutgen was adjudicated a bankrupt, and on December 2, 1941, Paul A. Miller became his trustee in bankruptcy. Believing that the description of the refrigerator contained in the conditional sale contract was insufficient to make the record of that instrument constructive notice to the creditors of the bankrupt, the trustee procured from the referee in bankruptcy an order directing the appellee to show cause why the trustee should not be authorized to sell the refrigerator free of liens or claims of the appellee. In its response to the order to show cause, the appellee asserted that the description of the refrigerator as contained in the conditional sale contract was "sufficient to enable one to identify the property, aided by inquiries reasonably suggested by the contract," and that the contract was therefore effective to reserve in the vendor the title to the property sold. The appellee asked that it be declared to be the owner and entitled to the possession of the refrigerator.

The referee, after a hearing, concluded "that the description of the property in the instrument of sale, aided by the inquiries which that instrument itself indicates and directs, is insufficient and, therefore, is not sufficient to give constructive notice to the trustee of any claim of the McCray Refrigerator Company to the property involved." The referee authorized the trustee to sell the refrigerator free of liens of the appellee. Upon review, the District Court, being of the opinion that the description, aided by inquiries which the instrument reasonably suggested, would enable one to identify the property sold, reversed the referee and declared the appellee to be the owner and entitled to the immediate possession of the refrigerator as against the trustee. The trustee then took this appeal.

In Minnesota, a contract of sale which provides that title to the property sold shall remain in the vendor is void as to creditors of the vendee and subsequent bona fide purchasers and mortgagees of such property, unless the contract or a copy thereof be filed as in the case of a chattel mortgage. Mason's Minnesota Statutes, 1927, § 8360.

It is conceded that the contract in suit was properly recorded, and the only question argued before the referee and the District Court was as to the sufficiency of the description of the property covered by the contract.

▮ The rule in Minnesota is that a description in a recorded instrument, such as that here in question, is sufficient if it will enable third persons, aided by inquiries which the instrument itself reasonably suggests, to identify the property.[1]

▮ It is apparent that this controversy would not have arisen had the salesman who procured this equipment order inserted the word "refrigerator" or the words "refrigerating unit" between "One F.O. 5 M." and "Z-1163," so that the description would read, "One F.O. 5 M. refrigerator Z-1163," or "One F.O. 5 M. refrigerating unit Z-1163." The District Court thought that it would not be beyond the powers of a person with ordinary mental equipment, who read the entire contract and followed up such inquiries as were reasonably suggested by it, to discover that Lutgen had purchased a new refrigerator with the numbers "F.O. 5 M." and "Z-1163" upon it, from the McCray Refrigerator Company, to replace an old refrigerator which he was applying in part payment. Since a food mart would usually require a refrigerator, and a refrigerator company ordinarily deals in refrigerators, it would be reasonable to suppose that Lutgen was acquiring a refrig-

[1] Tolbert v. Horton, 33 Minn. 104, 22 N.W. 126; Strolberg v. Brandenberg, 39 Minn. 348, 40 N.W. 356; Schneider v. Anderson, 77 Minn. 124, 79 N.W. 603; Barrett v. Magner, 105 Minn. 118, 117 N.W. 245, 127 Am.St.Rep. 531; Walker v. Fitzgerald, 157 Minn. 319, 196 N.W. 269, 197 N.W. 259; Helgeson v. Farmers Co-op. Ass'n, 160 Minn. 109, 199 N. W. 821; Munson v. Bensel, 169 Minn. 434, 211 N.W. 838; McDonald Mfg. Co. v. Read, 210 Minn. 232, 297 N.W. 739. See, also, other cases listed in footnotes to Sections 1434 and 1435, Dunnell's Minnesota Digest, 2d Ed. & Supplements; 10 Am.Jur., Chattel Mortgages, page 752, § 55; Tilton v. H. M. Wade Mfg. Co., 4 Cir., 2 F.2d 358.

erator. The fact that the purchase price was $644 negatives the idea that Lutgen was buying parts for an old refrigerator. The turning in of a used refrigerator would indicate that the article purchased was a replacement. Nothing but a refrigerator would adequately replace a refrigerator. The contract shows that the equipment was sold "F.O.B. store" and was to be installed and used at the place of installation, and not removed until paid for in full, without the written consent of the vendor. There are references in the contract to a refrigerator and refrigeration equipment. It is obvious that the only reasonable inference that could be drawn from the instrument, taken as a whole, is that Lutgen had purchased a McCray refrigerator bearing the numbers specified in the contract, and that the refrigerator could be found in his store in Little Falls, Minnesota. That being so, it seems to us that the District Court reached the correct conclusion as to the sufficiency of the description, and we think that no Minnesota case compels a contrary ruling.

The trustee contends that the District Court erred because it directed the immediate return of the refrigerator to the appellee and thereby cut off the right of the trustee to dispose of the bankrupt's equity. There is nothing in the record to indicate that the trustee suggested to the District Court that the bankrupt had any equity in the refrigerator, and it is doubtful whether the order appealed from was intended to deprive the trustee of his right of redemption or to relieve the appellee from taking the steps necessary under the laws of Minnesota to enable a vendor to retake property sold under a conditional sale contract. See Mason's Minnesota Statutes, 1940 Supp., Sections 8363-2 and 8363-3. In order to avoid any controversy about the matter, the District Court will amend its order so that the last paragraph thereof will read as follows:

"It follows, therefore, that the Referee's order must be, and is, reversed and vacated, and the McCray Refrigerator Company is hereby declared to be the owner of the refrigerator in suit and to have the right to retake the same in compliance with the laws of Minnesota and subject to the right of redemption accorded by such laws to the vendee or the trustee in bankruptcy of his estate. It is so ordered."

As so modified, the order appealed from is affirmed.